# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3289 | **DATE** | 7/21/2004 |
| **CASE TITLE** | Rozenblat vs. Sandia Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 09/21/04 at 9:00 a.m. For the reason stated on the reverse side of this minute order, the plaintiff's petition to proceed in forma pauperis is granted. Plaintiff's motion for appointment of counsel is denied without prejudice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 22 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 6 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | 2004 JUL 21 PM 5:27 Date/time received in central Clerk's Office | date mailed notice<br>mailing deputy initials |

(Reserved for use by the Court)

# ORDER

This matter is before the court on Plaintiff Anatoly Rozenblat's ("Rozenblat") petition to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and on his motion for appointment of counsel. Rozenblat's sole source of income is a $520.00 monthly social security payment with which he supports both himself and his wife, who is unemployed and dependent upon him for support. Neither Rozenblat nor any of his coinhabitants has more than $200.00 in cash or in a checking or savings account. Nor do they own any real estate or personal property worth over $1,000.00. We find that Rozenblat's financial affidavit is sufficient and accordingly grant his petition to proceed *in forma pauperis*.

A civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court in its discretion can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). The Seventh Circuit provides the following non-exclusive list of five factors to consider when deciding whether to appoint counsel: "(1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint." *Jackson v. County of McClean*, 953 F.2d 1071, 1072 (7th Cir. 1992) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)); *see also Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993) (stating that the appointment of counsel standard can be distilled to whether there are "'exceptional circumstances' as determined by 'an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'") (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)).

Notwithstanding the five factors listed in *Jackson*, a threshold issue for the court is whether the plaintiff has made a reasonable effort to retain counsel and "was unsuccessful or . . . was effectively precluded from making such efforts." *Jackson*, 953 F.2d at 1073.

Rozenblat failed to answer paragraph 2 of his application for an appointment of counsel which explicitly asks him to list his attempts to secure counsel. We also note that even if he had properly filled out paragraph 2, his claim does not appear meritorious and he should be able to investigate the crucial facts without the aid of counsel. Therefore, an appointment of counsel is not appropriate at this juncture and we deny the motion for appointment of counsel without prejudice.