IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANATOLY ROZENBLAT<br><br>Plaintiff,<br><br>v.<br><br>SANDIA CORPORATION, PETER VAN BLARIGAN, AND PATENT AND TRADEMARK OFFICE<br><br>Defendants. | Case No. 04 CV 3289<br>Judge Der-Yeghiayan |

### Joint Status Report

At the September 21, 2004, status hearing, the court ordered that the parties submit a joint status report by October 5, 2004. After the hearing, defendants attempted to discuss the contents of the status report with Mr. Rozenblat but Mr. Rozenblat stated that defendants should communicate with him in writing only. Therefore, defendants jointly prepared this statement, hand delivered it to Mr. Rozenblat on September 23, 2004, and requested that he indicate his position on the below topics. Mr. Rozenblat provided his positions on the topics of the Joint Status Report in a separate document. Thus, the positions of the defendants are indicated below under separate headings and the positions of the plaintiff are set forth in the attached Exhibit A.

**1) Bases for federal jurisdiction:**
    Plaintiff's position:


Defendants' position: Defendants deny federal jurisdiction.

13

**2) Nature of claims and counterclaims:**
   Plaintiff's position:

   Defendants' position: Mr. Rozenblat appears to bring this action "to cancel" U.S. Patent No. 6,199,519. Defendants have not yet filed any counterclaims, but reserve the right to do so as this case develops further.

**3) Relief sought by plaintiff:**
   Plaintiff's position:

   Defendants' position: Mr. Rozenblat appears to be requesting a court determination that U.S. Pat. No. 6,199,519 is invalid.

**4) Names of the parties not served:**
   Plaintiff's position:

   Defendants' position: Defendants are not aware of any parties not served.

**5) Principal legal issues:**
   Plaintiff's position:

   Defendants' position: The threshold legal issues are whether this action is barred by the doctrine of *res judicata*, whether this court has subject matter jurisdiction, and whether this court has personal jurisdiction over Sandia and Mr. Van Blarigan. Defendants reserve the right to identify additional legal issues as this case develops further.

**6) Principal factual issues:**
   Plaintiff's position:

   Defendants' position: The factual issues in this action are not yet developed because this action is barred by several threshold defenses.

**7) List of pending motions and brief summary of bases for motions:**
   Plaintiff's position:



   Defendants' position: There are no pending motions at present. However, defendants anticipate filing motions to dismiss based on *res judicata*, lack of subject matter jurisdiction, and lack of personal jurisdiction over defendants Sandia and Mr. Van Blarigan. Defendants also reserve the right to raise additional defenses in their motions to dismiss and as this case develops further.

   Prior to any motions to dismiss, this action may be dismissed by the court *sua sponte* based on *res judicata*. As stated in open court, Mr. Rozenblat filed this very same case last year in *Rozenblat v. Sandia Corp. et al.*, No. 03 C 1657 (N.D. Ill.). Because that case was involuntarily dismissed for want of prosecution, and such a dismissal is an adjudication on the merits, Mr. Rozenblat's current action is now barred by *res judicata*. Fed. R. Civ. P. 41(b); *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 606-07 (7th Cir. 1989) (dismissal for want of prosecution is dismissal on the merits); *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 130 (7th Cir. 1996) (district court may raise *res judicata* defense *sua sponte*).

   This action may also be dismissed *sua sponte* based on lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1379 (Fed. Cir. 2004) ("Any party or this court *sua sponte* may raise the question of subject matter jurisdiction."). Mr. Rozenblat's Complaint is presumably based on the Declaratory Judgment Act, which provides that a court only has jurisdiction to decide "a case of actual controversy." 28 U.S.C. § 2201. In a patent declaratory judgment context, an actual controversy requires "an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit." *Cygnus Therapeutics Systems v. Alza Corp.*, 92 F.3d 1153, 1159 (Fed. Cir. 1996). Because Mr. Rozenblat's allegations in the complaint fail to evidence any "actual controversy," this "court has no discretion to decide the case." *Id.* at 1159. In addition to the foregoing, this court also lacks subject matter jurisdiction with respect to the U.S. Patent and Trademark Office because Mr. Rozenblat's complaint fails to identify a waiver of the United States' sovereign immunity. *In re W.L.*, 1999 WL 33878, *3 (N.D. Ill. 1999).

   Furthermore, defendants Sandia and Mr. Van Blarigan contest personal jurisdiction. The Illinois statutes allow for assertion of general personal jurisdiction over a non-resident defendant, regardless of whether the action arose within Illinois or outside of the State, if the defendant is "a natural person or corporation doing business within this State." 735 ILCS 5/2-209 (b)(4). "[S]pecific jurisdiction is present in a suit arising out of or relating to the defendant's contact with the forum state." *Berthold Types Ltd. v. European Mikrograft Corp*, 102 F. Supp.2d 928, 931 (N.D. Ill 2000). The Complaint not only fails to make clear whether Mr. Rozenblat is asserting specific jurisdiction or general jurisdiction but it fails to state any contacts or conduct that occurred in Illinois.

Finally, defendants Sandia and Mr. Van Blarigan intend to file a motion for sanctions and attorneys' fees against Mr. Rozenblat for the continued filing and prosecution of this baseless claim. In addition to the bases set forth above for lack of subject matter and personal jurisdiction and being barred by *res judicata*, Mr. Rozenblat attempted to add the same alleged claim to a previous litigation pending before Judge St. Eve (02cv04942). During the motion hearing of February 12, 2003, Judge St. Eve denied Mr. Rozenblat's attempt to add this alleged cause of action on the basis that there is no subject matter jurisdiction and directed Mr. Rozenblat to follow the Federal Rules of Civil Procedure and the Local Rules in all future filings. *See* Docket Entry No. 30. Despite Judge St. Eve's admonitions, Mr. Rozenblat filed a separate suit alleging the same cause of action Judge St. Eve found to have no subject matter jurisdiction. For these reasons, the current case is baseless, harassing, and fails to meet the requirements of Fed. R. Civ. P. Rule 11 justifying an award of sanctions and attorneys' fees.

**8) Description of discovery requested and exchanged:**
Plaintiff's position:


Defendants' position: No discovery has been requested or exchanged. Defendants request that discovery be stayed until after the court has resolved the threshold defenses that defendants anticipate raising in their motions to dismiss.

**9) Type of discovery needed:**
Plaintiff's position:


Defendants' position: Defendants request that discovery be stayed until after the court has resolved the threshold defenses that defendants anticipate raising in their motions to dismiss.

**10) Agreed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order:**
Plaintiff's position:


Defendants' position: Defendants request that discovery be stayed until after the court has resolved the threshold defenses that defendants anticipate raising in their motions to dismiss.

**11) Estimation of when case will be ready for trial:**
Plaintiff's position:


Defendants' position: Defendants request that a trial date be addressed after the court has resolved the threshold defenses that defendants anticipate raising in their motions to dismiss.

**12) Probable length of trial:**
Plaintiff's position:


Defendants' position: Defendants request that the length of trial be addressed after the court has resolved the threshold defenses that defendants anticipate raising in their motions to dismiss.

**13) Whether a request has been made for a jury trial:**
Plaintiff's position:

Defendants' position: It appears that Mr. Rozenblat has requested a jury trial.

**14) Whether there have been settlement discussions and if so the outcome of those discussions:**
Plaintiff's position:


Defendants' position: There have been no settlement discussions to date.

**15) Whether the parties consent to proceed before a Magistrate Judge:**

There is not unanimous consent to proceed before a magistrate judge at this time.

Dated: 10/4/04

Respectfully submitted,

*/s/ Janice V. Mitrius*

Charles W. Shifley
Janice V. Mitrius
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
Attorneys for Defendants SANDIA
CORPORATION D/B/A SANDIA NATIONAL
LABORATORIES and PETER VAN BLARIGAN

PATRICK J. FITZGERALD
United States Attorney

By: */s/ Samuel S. Miller*

SAMUEL S. MILLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9083

*/s/ Anatoly Rozenblat*

ANATOLY ROZENBLAT
Plaintiff

*<u>See Case File For Exhibits</u>*