**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 2 2 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ANATOLY ROZENBLAT,               )
                                 )
              Plaintiff,          )
                                 )
      v.                          )          No.  04 C 3289
                                 )
SANDIA CORPORATION, PETER VAN    )
BLARIGAN, AND UNITED STATES      )          Judge Der-Yeghiayan
PATENT AND TRADEMARK OFFICE,     )
                                 )
              Defendants.         )

DOCKETED
DEC 0 9 2004

## NOTICE OF MOTION

TO:   Anatoly Rozenblat                 Janice V. Mitrius
      10 East Ontario Street #2606      Banner & Witcoff, Ltd.
      Chicago, Illinois  60611          10 South Wacker Drive  Suite 3000
                                        Chicago, Illinois  60606

PLEASE TAKE NOTICE that on December 8, 2004 at 9:00 a.m., or as soon thereafter as counsel may be heard, I will appear before Judge Der-Yeghiayan in the courtroom usually occupied by him in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before such judge who may be sitting in his place and stead, and then and there present, **DEFENDANT U.S. PATENT AND TRADEMARK OFFICE'S MOTION TO DISMISS** at which time and place you may appear, if you see fit.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

LaShonda A. Hunt

By:
   LASHONDA A. HUNT
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 353-1598

## CERTIFICATE OF SERVICE

LaShonda A. Hunt, an attorney, hereby certifies that she caused a copy of the foregoing

Notice of Motion, Defendant U.S. Patent and Trademark Office's Motion to Dismiss and

Memorandum of Law in Support to be served by regular U.S. mail on or before 5:00 p.m. on

November 22, 2004.

TO:    Anatoly Rozenblat
       10 East Ontario Street #2606
       Chicago, IL 60611

       Janice V. Mitrius
       Banner & Witcoff, Ltd.
       10 South Wacker Drive  Suite 3000
       Chicago, IL 60606

LASHONDA A. HUNT
Assistant United States Attorney

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 2 2 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ANATOLY ROZENBLAT,                    )
                                      )
                   Plaintiff,         )
                                      )
            v.                        )        No.  04 C 3289
                                      )
SANDIA CORPORATION, PETER VAN         )        Judge Der-Yeghiayan
BLARIGAN, AND UNITED STATES           )
PATENT AND TRADEMARK OFFICE,          )
                                      )
                   Defendants.        )

DOCKETED
DEC 09 2004

### DEFENDANT U.S. PATENT AND TRADEMARK OFFICE'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b), defendant United States Patent and

Trademark Office, by Patrick J. Fitzgerald, United States Attorney for the Northern District of

Illinois, moves to dismiss plaintiff Anatoly Rozenblat's *pro se* complaint as barred by *res judicata,*

and for lack of subject matter jurisdiction.  In support of this motion, the USPTO submits the

attached Memorandum of Law.

                        Respectfully submitted,
                        PATRICK J. FITZGERALD
                        United States Attorney


                        LaShonda A. Hunt

                   By:
                        LASHONDA A. HUNT
                        Assistant United States Attorney
                        219 South Dearborn Street
                        Chicago, Illinois 60604
                        (312) 353-1598

18

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANATOLY ROZENBLAT,                      )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )       No. 04 C 32
                                        )
SANDIA CORPORATION, PETER VAN           )       Judge Der-Yeghiaya
BLARIGAN, AND UNITED STATES             )
PATENT AND TRADEMARK OFFICE,            )
                                        )
                    Defendants.         )

## DEFENDANT U.S. PATENT AND TRADEMARK OFFICE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

The complaint plaintiff Anatoly Rozenblat filed in this action against defendants Sandia

Corporation, Peter Van Blarigan and the U.S. Patent and Trademark Office ("USPTO") is virtually

the same complaint he filed in his earlier lawsuit which was dismissed for want of prosecution. The

doctrine of *res judicata* prohibits Rozenblat from getting a second bite at the apple. Furthermore,

even if Rozenblat's "new" complaint could proceed, this court lacks jurisdiction to consider the

claims against USPTO, given that there has been no waiver of sovereign immunity for the suit, and

no case or controversy has been alleged.

### Background

Rozenblat initially filed this *pro se* complaint in March 2003 against Sandia Corporation,

Van Blarigan and the USPTO, seeking to invalidate and cancel U.S. Patent 6,199,519. *Rozenblat v.*

*Sandia Corp., et al.*, No. 03 C 1657 (N.D. Ill.) at dkt. no. 1. In November 2003, this court dismissed

the complaint for want of prosecution after Rozenblat failed to appear at a status hearing. *Id.* at dkt.

no. 14. Rozenblat moved to reinstate the case; however, the motion was denied on May 4, 2004. *Id.*

at dkt. nos. 17, 19.  Rozenblat did not appeal the dismissal of his complaint or the denial of his

motion to reinstate, rather, he refiled the same complaint a week later under a new case number as

a "reinstated or reopened" matter.  *Rozenblat v. Sandia Corp. et al.*, No. 04 C 3289 (N.D. Ill.) at dkt.

nos. 1, 2.

In his current complaint, Rozenblat alleges that Van Blarigan and Sandia Corporation

"illegally use his intellectual properties in the claims of U.S. Patent 6,199,519," and that the USPTO,

during the "examining procedure process," failed to consider "the known Plaintiff's intellectual

works which have the early priority than U.S. Patent 6,199,519."  Compl. at 2.  Consequently,

Rozenblat asks that this court recognize U.S. Patent 6,199,519 as invalid and cancel it.  *Id.*

### Argument

### I.    Rozenblat's Current Action Is Barred by the Doctrine of *Res Judicata*.

Rozenblat cannot proceed with this lawsuit, as the court's dismissal of his prior identical case

for want of prosecution constituted an adjudication on the merits with respect to his attempts to

invalidate U.S. Patent 6,199,519.  *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 606-07 (7th Cir. 1989)

(dismissal for want of prosecution is dismissal on the merits).  Any subsequent action attacking the

patent's validity is barred by the doctrine of *res judicata*.  *Kimmel v. Texas Commerce Bank*, 817

F.2d 39(7th Cir. 1987).  Consequently, Rozenblat's complaint should be dismissed.

### II.    The District Court Lacks Subject Matter Jurisdiction over Rozenblat's Claims.

Even if the current action was not barred, because Congress has not waived sovereign

immunity for this type of lawsuit in which a non-patent owner seeks to attack someone else's patent,

Rozenblat has no jurisdictional basis for suing the USPTO.  It is well settled that "[a]bsent a waiver,

sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*,

2

510 U.S. 471, 475 (1994). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). *See also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents to be sued.") (citation and quotation omitted). Absent consent for suit, then, the district court lacks jurisdiction to consider Rozenblat's claims. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit").

Obviously, when Congress intended to permit suit against the director of the USPTO under a statute in Title 35, and thus waive sovereign immunity, it knew how to expressly do so and even directed the court in which to proceed. *See, e.g.,* 35 U.S.C. § 145 (a patent applicant dissatisfied with a Board of Patent Appeals and Interferences decision may sue the director in the District of Columbia); 35 U.S.C. § 154(b)(4)(A) (a patent owner dissatisfied with a decision concerning the length of a patent's term may sue the director in the District of Columbia); 35 U.S.C. § 306 (a patent owner dissatisfied with a Board decision in patent reexamination may appeal to the Federal Circuit). In the present case, though, Rozenblat has not pointed to any statute waiving sovereign immunity and consenting to suit against the director of the USPTO under the circumstances alleged in his complaint. Moreover, no case or controversy is alleged between Rozenblat and the USPTO to support jurisdiction in this court under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102 (1998) ("Article III, § 2 of the Constitution extends the 'judicial power of the United States only to 'Cases' and 'Controversies.''"). Therefore, since there has been no waiver of sovereign immunity to permit this suit and Rozenblat has not alleged any

3

case or controversy with the director of the USPTO, the court should dismiss this action for lack of subject matter jurisdiction.

## III.   The USPTO Is Not A Necessary Party To An Action Contesting the Subject Patent.

Pursuant to 35 U.S.C. § 282, Rozenblat does not need the presence of the USPTO in an action he brings attacking a patent owned by another.  Specifically, the foregoing statute provides for a court to address the validity of an issued patent, provided that the plaintiff has standing to attack that patent and all other jurisdictional requirements are met.  *See* 35 U.S.C. § 282.   If such a case proceeds to a decision on the merits of the validity of a patent owned by another and the court holds the patent invalid, pursuant to 35 U.S.C. § 290, the court then notifies the USPTO which ministerially records such decision "in the file of such patent." *Id.*   Hence, the USPTO does not need to, and should not in view of sovereign immunity principles, *see supra*, be a party to a private-party action of the foregoing type.

## IV.   Rozenblat Has An Adequate Administrative Remedy Available to Challenge The Subject Patent At The USPTO.

Finally, there is an alternative administrative remedy readily available to Rozenblat to obtain the relief he requests from this court.  Congress has established an administrative procedure for third parties seeking to challenge a patent *at the USPTO*. *See* 35 U.S.C. § 301 *et seq.*   That is, pursuant to the statutory scheme set forth in 35 U.S.C. §§ 301-18, a person such as Rozenblat may seek to institute the reexamination of a patent by first filing the appropriate documents with the USPTO and paying the appropriate fee. In the absence of a proper request for reexamination, Rozenblat has simply not met the statutory requirements for the USPTO to reexamine the subject patent.

4

Specifically, *ex parte* patent reexamination at the USPTO is governed by 35 U.S.C. § 302, which permits "any person at any time" to file a request for reexamination of a patent:

> Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. The request must be in writing and must be accompanied by payment of a reexamination fee established by the Director pursuant to the provisions of section 41 of this title. The request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested. Unless the requesting person is the owner of the patent, the Director promptly will send a copy of the request to the owner of record of the patent.

35 U.S.C. § 302. Likewise, 35 U.S.C. § 311 provides that requests for *inter partes* reexamination may be made by "[a]ny third-party requester at any time." 35 U.S.C. § 311(a).

Every request for reexamination must "cite to the [USPTO] in writing prior art consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent," and be accompanied by payment of a reexamination fee. 35 U.S.C. § 301. Within three months from the filing of such a request, the director of the USPTO will determine "whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 303(a). If the director determines that a substantial new question of patentability exists, the director will order reexamination of the patent. 35 U.S.C. § 304. If, however, the director determines that no new question of patentability is raised by the request, the director's determination is "final and nonappealable." 35 U.S.C. § 303(c); *see also* § 312(c).

5

Thus, Rozenblat clearly has the above-discussed administrative remedy available to him and he should not be allowed to bypass the scheme mandated by Congress and attempt to proceed against the USPTO directly in this court in the first instance.

### Conclusion

For the foregoing reasons, the complaint should be dismissed on *res judicata* grounds and for lack of subject matter jurisdiction.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: LaShonda A. Hunt

   LASHONDA A. HUNT
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 353-1598

6