IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANATOLY ROZENBLAT )
)
Plaintiff, ) Case No. 04 CV 3289
) Judge Der-Yeghiayan
v. )
)
SANDIA CORPORATION, PETER VAN )
BLARIGAN, AND PATENT AND )
TRADEMARK OFFICE )
)
Defendants. )

### NOTICE OF FILING OF MOTION

PLEASE TAKE NOTICE THAT counsel for the Defendants Sandia Corporation and Peter Van Blarigan shall appear before the Honorable Judge Samuel Der-Yeghiayan or any Judge sitting in his place at the Dirksen Federal Building, 219 S. Dearborn Street, Courtroom 1719, Chicago, Illinois on Wednesday, December 8, 2004 at 9:00 a.m. or as soon thereafter as counsel may be heard and then there present the attached SANDIA CORPORTION'S AND PETER VAN BLARIGAN'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION PURSUANT TO FED.R.CIV.P. 12(b)(1) and (2)

Dated: November 22, 2004      Respectfully submitted,

                              *(signature)*
                              Charles W. Shifley
                              Janice V. Mitrius
                              BANNER & WITCOFF, LTD.
                              10 S. Wacker Drive: Suite 3000
                              Chicago, Illinois 60606
                              Telephone: (312) 715-1000
                              Facsimile: (312) 715-1234

                              Attorneys for Defendants
                              SANDIA CORPORATION and PETER VAN BLARIGAN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANATOLY ROZENBLAT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANDIA CORPORATION, PETER VAN )<br>BLARIGAN, AND PATENT AND )<br>TRADEMARK OFFICE )<br>)<br>Defendants. )<br>) | Case No. 04 CV 3289<br>Judge Der-Yeghiayan<br><br>FILED<br>NOV 2 2 2004 |

**SANDIA CORPORTION'S AND PETER VAN BLARIGAN'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION PURSUANT TO FED.R.CIV.P. 12(b)(1) and (2)**

Defendants, Sandia Corporation and Peter Van Blarigan, hereby move to dismiss Plaintiff's, Anatoly Rozenblat's, cause of action for lack of subject matter jurisdiction and lack of personal jurisdiction. Support for this motion is more fully stated in the accompanying Memorandum.

Dated: November 22, 2004                    Respectfully submitted,

*Janice V. Mitrius* (signature)
Charles W. Shifley
Janice V. Mitrius
BANNER & WITCOFF, LTD.
10 S. Wacker Drive: Suite 3000
Chicago, Illinois 60606

Attorneys for Defendants
SANDIA CORPORATION and PETER VAN BLARIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANATOLY ROZENBLAT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANDIA CORPORATION, PETER VAN )<br>BLARIGAN, AND PATENT AND )<br>TRADEMARK OFFICE )<br>)<br>Defendants. )<br>) | Case No. 04 CV 3289<br>Judge Der-Yeghiayan |

**MEMORANDUM IN SUPPORT OF SANDIA CORPORTION'S AND
PETER VAN BLARIGAN'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION
PURSUANT TO FED.R.CIV.P. 12(b)(1) and (2)**

## I. INTRODUCTION

Anatoly Rozenblat's ("Rozenblat") declaratory judgment action should be dismissed for lack of subject matter jurisdiction because there was no actual controversy between the parties at the time Rozenblat filed his Complaint -- a necessary prerequisite to subject matter jurisdiction. Rozenblat's Complaint contains what appears to be one declaratory judgment claim for a declaratory judgment of invalidity of a patent owned by Sandia Corporation ("Sandia") where Peter Van Blarigan ("Mr. Van Blarigan") is the inventor. The patent declaratory judgment action is wholly devoid of any allegations of subject matter jurisdiction. Exhibit A – Complaint. As a matter of law, this is

1

insufficient to show an actual controversy between the parties. Accordingly, Sandia and Peter Van Blarigan respectfully request that this Court dismiss Rozenblat's action.

In addition, personal jurisdiction in the Illinois courts does not lie against Defendants, Sandia and Mr. Van Blarigan. Neither defendant has the minimum contacts with Illinois necessary for the assertion of general personal jurisdiction. Sandia is a Delaware corporation with no presence in Illinois. Mr. Van Blarigan is an individual who is a resident of California. Sandia does not reside in Illinois, have facilities in Illinois, or do business in Illinois. Sandia and Mr. Van Blarigan have no permanent and continuous contacts with the State of Illinois. In addition, specific personal jurisdiction is not proper under the Illinois long-arm statute because no allegedly tortious activities that may form the basis of the Complaint took place in the State of Illinois. A finding of personal jurisdiction in this case would violate due process of law and offend "traditional notions of fair play and substantial justice." Accordingly, Sandia and Mr. Van Blarigan request that this Court dismiss this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

## II. THERE IS NO SUBJECT MATTER JURISDICTION FOR A DECLARATORY JUDGMENT OF INVALIDITY OF SANDIA'S U.S. PATENT NO. 6,199,519

### A. *This Action Must Be Dismissed Because There Was No Actual Controversy at the Time Rozenblat Filed His Complaint.*

This action must be dismissed for lack of subject matter jurisdiction. Rozenblat's Complaint is presumably wholly based on the Declaratory Judgment Act. *See e.g.*, Exhibit A – Complaint, p. 1 ("This is an action to cancel U.S. Patent 6,199,519 and recognize it as 'Invalid'"). The Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration," but only if the court has before it "a case

of actual controversy." 28 U.S.C. § 2201. Because there was no actual controversy between the parties at the time Rozenblat filed his Complaint, this Court is required to dismiss this action in its entirety: "Before a district court may render a declaratory judgment, there must be an actual controversy over which the court may exercise jurisdiction." *Cygnus Therapeutics Systems v. Alza Corp.*, 92 F.3d 1153, 1158 (Fed. Cir. 1996). "When there is no actual controversy [and accordingly no subject matter jurisdiction], "the court has <u>no discretion to decide the case.</u>" *Id.* at 1159 (emphasis added).

The Supreme Court requires that the district and appellate courts, in every case, satisfy themselves that they have jurisdiction. *Bender v. Williamsport Area School Dist.*, 106 S.Ct. 1326, 1331 (1986) ("every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' ") (*quoting Mitchell v. Maurer*, 55 S.Ct. 162, 165 (1934)). Even if the parties are prepared to concede subject matter jurisdiction, the court must not exercise jurisdiction unless it is "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Id.* Federal Rules of Civil Procedure further the Supreme Court's mandate by providing that "[w]henever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). In the instant case, Rozenblat's allegations fall far short of stating an actual controversy between the parties as of the filing of the Complaint. *West Interactive Corp. v. First Data Resources*, 972 F.2d 1295, 1297 (Fed. Cir. 1992) (whether an actual controversy exists is determined as of the time the complaint is filed). Thus, Sandia and Mr. Van Blarigan respectfully request that this Court grant this Motion to Dismiss this action for lack of subject matter jurisdiction.

3

### B. *Rozenblat Has Not Even Alleged An "Actual Controversy."*

Rozenblat's Complaint is facially defective. Rozenblat has not satisfied its burden to show that an actual controversy existed between the parties as of the time of the filing of the Complaint. *West Interactive*, 972 F.2d at 1297 (burden on plaintiff). Rozenblat's Complaint makes no attempt to state that there is an actual controversy between the parties regarding the '519 patent. Therefore, Rozenblat's action should be dismissed.

Rozenblat's allegations in the complaint are insufficient to evidence an "actual controversy" and create subject matter jurisdiction. In a patent declaratory judgment context:

> an actual controversy exists if there is (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Cygnus*, 92 F.3d at 1159.[1] The actions of the patentee are viewed objectively to determine if the plaintiff's apprehension" of suit was reasonable. *Cygnus*, 92 F.3d at 1160 (" 'reasonable apprehension of suit' test requires more than the nervous state of mind of a possible infringer; it requires that the objective circumstances support such an apprehension"). In the absence of an "explicit threat" made to the plaintiff, this Court must look to the totality of the circumstances to determine if Rozenblat's apprehension of suit was reasonable.

Rozenblat has not alleged such an explicit threat made to it by Sandia or Mr. Van Blarigan. In fact, Rozenblat has not alleged that Sandia or Mr. Van Blarigan had any communication whatsoever with Rozenblat with respect to the '519 patent or otherwise. Not only does Rozenblat's

---

[1] The law of the Federal Circuit, which has exclusive jurisdiction over appeals from patent cases, applies in determining whether there is subject matter jurisdiction over Rozenblat's patent declaratory judgment claims. *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888 n. 4 (Fed. Cir. 1992).

complaint fail to state an explicit threat, it also fails to evidence any circumstances under which an apprehension of suit by Rozenblat would be reasonable.

Moreover, Rozenblat has not alleged any activity of his (present or otherwise) which could constitute infringement of the '519 patent. The '519 patent is directed to a free piston combustion engine. Exhibit B – U.S. Pat. No. 6,199,519. For subject matter jurisdiction, Rozenblat would have needed to allege in his complaint that at the time he filed the complaint he was making, using, selling, offering to sell or importing a product which could constitute infringement of the '519 patent claims directed to a free piston combustion engine. Rozenblat has not alleged any such activity nor any concrete steps he has taken with an intent to conduct such activity. Accordingly, since Sandia and Mr. Van Blarigan have made no threats of infringement and Rozenblat does not have any present activity which could constitute infringement, Rozenblat's suit should be dismissed.

## III. THERE IS NO PERSONAL JURISDICTION OVER SANDIA OR MR. VAN BLARIGAN

Rozenblat states no facts in his Complaint to support a claim that personal jurisdiction over Sandia or Mr. Van Blarigan is proper in Illinois. It is impossible to determine the basis on which Rozenblat relies for jurisdiction, for no facts supporting either general or specific jurisdiction are apparent. Indeed, Rozenblat's complaint is devoid of any mention or allegation of personal jurisdiction. Rozenbalt bears the burden of proving that jurisdiction is proper. *Berthold Types Ltd. v. European Mikrograft Corp*, 102 F. Supp.2d 928, 930 (N.D. Ill 2000). Because Rozenblat has not, and cannot, show that jurisdiction is proper in this case, Sandia and Mr. Van Blarigan request that Rozenblat's Complaint be dismissed.

### A. *General Personal Jurisdiction Does Not Lie Against Sandia and Mr. Van Blarigan Because Neither "Does Business" in Illinois*

The Illinois statutes allow for assertion of general personal jurisdiction over a non-resident defendant, regardless of whether the action arose within Illinois or outside of the State, if the defendant is "a natural person or corporation doing business within this State." 735 ILCS 5/2-209 (b)(4). "Doing business" for purposes of jurisdiction means that Sandia and Mr. Van Blarigan must be "operating within a State 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill.2d 304, 313 (Ill. 1986); *accord Berthold*, 102 F. Supp.2d at 931 ("General jurisdiction is present when the defendant has continuous and systematic contacts with the forum"). In the instant case, general personal jurisdiction does not lie because Sandia and Mr. Van Blarigan have no direct contact with Illinois, and do not conduct permanent or continuous business in Illinois. Rozenblat, who bears the burden or proving personal jurisdiction, has not provided any allegations of any conduct by either defendant in Illinois. Moreover, Sandia and Mr. Van Blarigan do not have contacts with Illinois insufficient to satisfy the requirements for jurisdiction under the Due Process clause of the U.S. Constitution.

### B. *Specific Personal Jurisdiction Does Not Lie Against Sandia and Mr. Van Blarigan Since No Alleged Tortious Actions Took Place in Illinois*

"[S]pecific jurisdiction is present in a suit arising out of or relating to the defendant's contact with the forum state." *Berthold*, 102 F. Supp.2d at 931. In keeping with that general statement of specific jurisdiction, the Illinois long-arm statute allows the Illinois courts to assert personal jurisdiction over a non-resident defendant "as to any cause of action arising from the doing of any [of the following] acts: . . . The commission of a tortious act within this State." 735 ILCS 5/2-209(a)(2). While the facts stated in the Complaint do not make clear whether Rozenblat is actually asserting

6

specific jurisdiction or general jurisdiction, specific personal jurisdiction over Sandia and Mr. Van Blarigan is likewise improper in this case. The complaint does not allege any tortious acts arising out of conduct that occurred in Illinois.

Assertion of specific jurisdiction in Illinois in this case would offend not only the long-arm statute, but also the Due Process clause of the United States Constitution. Under the Due Process Clause, the defendant must have at least "minimum contacts" with the forum state, such that it "has 'fair warning' and could 'reasonably anticipate being haled into' the forum state's courts." in order to be subject to specific jurisdiction. In the instant case, Rozenblat has not alleged any activity evidencing that Sandia and Mr. Van Blarigan have minimum contacts with the state of Illinois that would subject it to jurisdiction.

## IV. CONCLUSION

"The Declaratory Judgment Act was intended to protect threatened parties, not to drag a non-threatening patentee into court." *Shell Oil*, 970 F.2d at 889. Because Rozenblat's Complaint is devoid of an allegation of an actual controversy, this suit is meritless and should be dismissed.

In addition, the defendants do not have minimum contacts with Illinois. Rozenblat does not allege any conduct by the defendants that occurred in Illinois. Thus, this suit should be dismissed for lack of personal jurisdiction.

7

Dated: November 22, 2004

Respectfully submitted,

*Janice V. Mitrius*
Charles W. Shifley
Janice V. Mitrius
**BANNER & WITCOFF, LTD.**
10 S. Wacker Drive: Suite 3000
Chicago, Illinois 60606
(312) 463-5000
(312) 463-5001 (Fax)

Attorneys for Defendants
**SANDIA CORPORATION and PETER VAN BLARIGAN**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Notice of Filing of Motion to Dismiss, Defendants' Motion to Dismiss, and Memorandum in Support of Defendants' Motion to Dismiss,** was served via First Class Mail on the Plaintiff:

> Anatoly Rozenblat
> 10 East Ontario Street, Apt. 2606
> Chicago, Illinois 60611
> 312-751-1268

and on the U.S Attorney:

> LaShonda Hunt
> Assistant U.S. Attorney
> 219 South Dearborn
> Chicago, Illinois 60604
> 312-353-1598

on November 22, 2004.

*Janice V. Mit___*

# SEE CASE FILE FOR EXHIBITS