# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

219 S. Dearborn Street
Chicago ,Illinois 60604-1874

## NOTICE OF APPEAL TO A COURT OF APPEALS FROM JUDGMENT OF MAY 2,2005 OF THE NORTHERN DISTRICT COURT OF ILLINOIS

United States District Court for the Northern
District of Illinois
**Case Number 04C-3289**

| | | |
|---|---|---|
| **Anatoly Rozenblat**<br>**An individual residing**<br>**in Illinois ,**<br>**Plaintiff**<br>v. | ]<br>]<br>]<br>]<br>] | **NOTICE OF APPEAL** |
| **Sandia Corporation d/b/a**<br>**Sandia National Laboratories**<br>**a Delaware corporation** | ]<br>]<br>] | |
| **Peter Van Blarigan**<br>**An individual residing**<br>**In California**<br>**And**<br>**Patent and Trademark Office**<br>**Defendants** | ]<br>]<br>]<br>]<br>]<br>] | |

# FILED

MAY 1 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Notice is hereby given that Anatoly I. Rozenblat, as the Plaintiff and Defendants', Sandia Corporation, et al in the above named case No.04C-3289 ,hereby appeal to the United States Court of Appeal for the Seventh Circuit from the final judgment made by Hon. Judge Der-Yeghiayan on the *"Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Fed.R..Civ.P.12(b)(1) and (2)* ,on the May 2,2005.

Enclosed Memorandum in support of Plaintiff "Notice Appeal" for review of Hon. Judge Der-Yeghiayan finally judgment of May 2,2005 on case No.04C-3289.

Respectfully submitted

Anatoly Rozenblat,
Plaintiff
10 East Ontario Street #2606
Chicago ,Illinois 60611

Dated : May 10,2005

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT
219 S. Dearborn Street
Chicago ,Illinois 60604-1874

## MEMORANDUM IN SUPPORT OF PLAINTIFF APPEAL FOR REVIEW OF HON.JUDGE DER-YEGHIAYAN FINALLY JUDGMENT OF MAY 2,2005 ON CASE NO.04C-3289.

I,Anatoly Rozenblat, as the Plaintiff could not agree with Hon. Judge Der-Yeghiayan finally judgment  of May 2,2005 *(see copy of judgment of 5/02/2005)*and also by fact that against of me was moved " Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Fed.R.Civ.P.12(b)(1) and (2)" for the next reasons :

- Plaintiff thinks that Federal District Court did not consider in essence the Plaintiff's Complaint of May 10,2004 and further objective materials in view of "Joint Status Report" of October 04,2004 and  "Plaintiff's reply and Memorandum that to keep in the District Federal Court of Illinois the Plaintiff's complaint " of November 29,2004;
- As fact all Plaintiff's motions and replies in period of civil procedures  were almost ignored by Defendants' and Federal Court and  Plaintiff admits that actually was not normal court process in accordance with the Federal procedure Rule 28 U.S.C.A $1338(a) [*see Federal Procedure. Lawyers Edition $60:962 to 60:1197*].and I believe it is because I am minority,and low-income retiree person. That is why I was not able to afford having a counsel who would provide to me a legal help. However ,legal help were provided to the Defendants' which are the Federal agencies;
- Plaintiff ,as Professional Mechanical Engineer& Inventor  thinks that everyone American citizen has right to search justice in the Federal Court and again ask to reconsider of Hon. Judge Der-Yeghiayan finally judgment of 05/02/2005 or to appoint the trial in accordance with my Complaint of 05/10/2004 and Plaintiff's motion to appoint a technical expert ,as evidence in accordance with the  Federal Civil Rules 706 $6301and 26(b)(4).

And besides the Plaintiff does agree with some conclusions of Hon. Judge Der-Yeghiayan in finally judgment 0f 05/02/2005 such as:

- "......*Rozenblat seeks a declaration* .."(page 1) and I think that this can correctly to express  so –Rozenblat wants professionally expertise the claims of plaintiff's and defendants' innovations and then define invalid U.S Patent 6,199,519 in accordance with the Plaintiff's Complaint of 05/10/04;
- "....Sandia and Blarigan have moved to dismiss....." (page 2) and why Federal Court  gave the possibility the Defendant's to ignore the Plaintiff's Complaint of 5/10/2004 and these questions have  not  been taken under consideration by them and Federal Court.

Respectfully submitted

May 10,2005

Anatoly Rozenblat, Plaintiff
10 East Ontario Street #2606
Chicago, Illinois 60611

# CERTIFICATE OF SERVICE

Anatoly Rozenblat, as Plaintiff ,hereby certifies that  a copy of the foregoing **NOTICE OF APPEAL TO   A COURT OF APPEALS FROM JUDGEMENT OF MAY 2,2005 OF THE   NORTHERN DISTRICT COURT OF ILLINOIS,** was served via First class mail on May 10,2005.

To: Janice V.Mitrius
    Banner &Witcoff, Ltd
    10 South Wacker Drive
    Suite 3000
    Chicago, Illinois  60606

Lashonda A.Hunt
    Assistant United
    States Attorney
    219 South Dearborn Street
    Chicago ,Illinois 60604

Anatoly Rozenblat,
Plaintiff

10 East Ontario Street #2606
Chicago, Illinois 60611

Order Form (01/2005)

Case 1:04-cv-03289    Document 26    Filed 05/02/2005    Page 1 of 1

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3289 | **DATE** | 5/2/2005 |
| **CASE TITLE** | Anatoly Rozenblat vs. Sandia | | |

**DOCKET ENTRY TEXT:**

For the reasons stated in the attached memorandum opinion, defendants' motions to dismiss are granted in their entirety. All pending dates and motions are hereby stricken as moot. Terminating case.

■[ For further details see attached memorandum opinion.

Docketing to mail notices.

---

### STATEMENT

COPY

| | Courtroom Deputy Initials: | maw |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANATOLY ROZENBLAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 3289 |
| | ) | |
| SANDIA CORPORATION, PETER | ) | |
| VAN BLARIGAN, AND UNITED | ) | |
| STATES PATENT AND TRADEMARK | ) | |
| OFFICE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sandia Corporation's ("Sandia")

and Defendant Peter Van Blarigan's ("Blarigan") motion to dismiss and on

Defendant United States Patent and Trademark Office's ("PTO") motion to dismiss.

For the reasons stated below, we grant both motions to dismiss in their entirety.

## BACKGROUND

Plaintiff Anatoly Rosenblat ("Rosenblat") brought the instant action and seeks

one form of relief. Rosenblat seeks a declaration by the court that U.S. Patent

1

6,199,519 ("'519 Patent"), which he contends is owned by Sandia and Blarigan, is invalid. Sandia and Blarigan have moved to dismiss the claims brought against them based upon a lack of subject matter jurisdiction and lack of personal jurisdiction. PTO has moved to dismiss the claims brought against it based upon a lack of subject matter jurisdiction.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) directs a court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Pursuant to 28 U.S.C. § 1338(a) a federal district court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. . . ." 28 U.S.C. § 1338(a). *See also Kroll v. Finnerty*, 242 F.3d 1359, 1363 (Fed. Cir. 2001)(stating that the Supreme Court has interpreted 28 U.S.C. § 1338(a) "to confer jurisdiction upon district courts when 'a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'")(quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988)).

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") directs a court to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). If there

2

has not been discovery on the issue of personal jurisdiction the plaintiff is required to make a *"prima facie* showing" that the court has personal jurisdiction over a defendant. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d 1275, 1282-83 (Fed. Cir. 2005). In ruling on a Rule 12(b)(2) motion to dismiss "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff." *Id.*

## DISCUSSION

### I. Sandia and Blarigan Motion to Dismiss

Sandia and Blarigan (collectively referred to as "Sandia Defendants") argue that this court lacks subject matter jurisdiction over Rosenblat's claim for a declaratory judgment. A federal court may issue a declaratory judgment addressing "the rights of an interested party to an 'actual controversy.'" *West Interactive Corp. v. First Data Resources, Inc*, 972 F.2d 1295, 1297 (Fed. Cir. 1992)(citing 28 U.S.C. § 2201). In the patent context, in order for there to be an actual controversy for the purposes of a declaratory judgment, "the defendant's conduct must have created on the part of the plaintiff a reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity," and "the plaintiff must actually have either produced the device or have prepared to produce that device." *Id.* The burden of establishing that there is an actual controversy rests with the plaintiff. *Id.*

3

In the instant action, Rosenblat has not alleged that the Sandia Defendants made any threat to Rosenblat that they might bring a patent infringement suit against him. There is not any allegation in the complaint of any communications between Rosenblat and the Sandia Defendants. Rosenblat has not alleged that he is engaged in any activity that could be deemed infringement of the '519 Patent. Neither has Rosenblat alleged that he intends to pursue the necessary measures in order to engage in such activity. Therefore, we grant the Sandia Defendants' motion to dismiss for lack of subject matter jurisdiction.

We also note that even if we had subject matter jurisdiction, we would grant the Sandia Defendants' motion to dismiss because this court lacks personal jurisdiction over the Sandia Defendants. Rosenblat does not dispute the contentions of the Sandia Defendants that they have no direct contact with Illinois and do not have the "continuous and systematic" contacts with Illinois required for general personal jurisdiction. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 714 (7th Cir. 1998). Neither has Rosenblat shown that either of the Sandia Defendants have connections with Illinois that would fall within the scope of the Illinois Long Arm Statute, 735 ILCS 5/2-209, or have sufficient minimum contacts to support a finding of personal jurisdiction within the limits provided by the United States Constitution. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*, 230 F.3d 934, 942-43 (7th Cir. 2000).

4

Rosenblat does not in his answer to the motion to dismiss dispute any of the material facts asserted by the Sandia Defendants regarding personal jurisdiction. Rosenblat's only argument in regards to personal jurisdiction is that the Sandia Defendants appeared in this court in another action previously filed by Rosenblat. However, the fact that the Sandia Defendants appeared as Defendants in another action in the Northern District of Illinois does not mean that they waived all personal jurisdiction requirements for future actions. *See e.g. Mallinckrodt Medical, Inc. v. Sonus Pharmaceuticals, Inc.*, 989 F.Supp. 265, 271 (D.C. Cir. 1998). Therefore, based on all of the above analysis, we grant the Sandia Defendants' motion to dismiss.

## II. United States Patent and Trademark Office Motion to Dismiss

PTO argues that the claims against it should be dismissed for lack of subject matter jurisdiction. PTO argues that it is protected from suits such as the instant suit by the doctrine of sovereign immunity. The doctrine of "sovereign immunity shields the Federal Government and its agencies from suit" unless there is a waiver of immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Rosenblat has not pointed to any statute that indicates that Congress intended to waive sovereign immunity to allow suits such as the instant action against the PTO. In addition, as explained above, Rosenblat's claim for a declaratory judgment is not sufficient in and of itself to provide a basis for subject matter jurisdiction since Rosenblat has not alleged an actual controversy in this action. PTO also points out that Rosenblat has an

5

administrative remedy available and Rosenblat has not indicated that he has exhausted that administrative remedy. *See McKart v. U.S.*, 395 U.S. 185, 193 (1969)(explaining doctrine of exhaustion of administrative remedies). Therefore, we grant PTO's motion to dismiss in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant the Sandia Defendants' motion to dismiss in its entirety and we grant PTO's motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 2, 2005

## PLaintiff's invention

# COMBINED ENGINE

## ABSTRACT OF THE DISCLOSURE

A combined engine presents the system of two mechanisms: from one side this device consists from a crankshaft phasing engine for converting energy of thermodynamic process into mechanical energy such as transferring motion to mechanism of transmission having one or more movable axially piston whereby connected rod of said engine and also a motionless element cylinder embraced to said piston ,and to another side this device has additionally new elements forming new energy on said engine-electric energy such as inducing an alternating current in a generator device at least having the permanent magnets rigidly mounted of said movable piston in the progressive direction and fixed on periphery arranging only surface with to said cylinder forming a magnetic field surrounding surface of said piston and installed the permanent magnets on lower part of said piston on side of crankcase space on said of cylinder and also elements of a coils inducing one or more separate coils connected a rigid unitary one with other in series circuit and installed inside of said cylinder on perimeter along his cylindrical surface and generatrix element of said cylinder to special made hollows in a form of said coil and their contacting surfaces with to said permanent magnets arranged with minimal space relative to said cylinder.

In process of committing a full working cycle in a crankshaft engine, a piston with the permanent magnets ( they fulfill a function of solenoid) produce a magnetic field ,which on Faraday's law ,in a winding of excitation is installed in a hollow to said of cylinder ( they fulfill a function as a inductance –coil) ,induces a electromotive force (e.m.f) and current.



**1 CLAIM, 2 DRAWING FIGURES**

*Defendants' device*



*FIG.\_1B*



*FIG.\_1C*

## Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANATOLY ROZENBLAT <br> An individual residing <br> In Illinois, <br> Plaintiff <br><br> v. <br><br> SANDIA CORPORATION <br><br> PETER VAN BLARIGAN <br> An individual residing <br> in California <br><br> and <br> PATENT AND TRADEMARK <br> OFFICE <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CIVIL ACTION
No.

# 04C 3289

JUDGE DER-YEGHIAYAN

MAGISTRATE SIDNEY I. SCHENKIER

## COMPLAINT THAT TO CANCEL U.S PATENT 6,199,519 AND RECOGNIZE IT AS " INVALID "

1. This is an action to cancel U.S Patent 6,199,519 and recognize it as " Invalid".

2. The Plaintiff is Mr.Anatoly Rozenblat, as Independent Scientist and Inventor of county of Illinois in the state of Chicago,
10 East Ontario Street #2606 , Chicago ,Illinois 60611.

3.The Defendants are :
    a) Sandia Corporation
    P.O Box 969
    Livermore,CA 94551

    b) Peter Van Blarigan
    P.O Box 969
    Livermore ,CA 94551

    c)Patent and Trademark Office
    Washington, D.C 20231

RECEIVED

MAY 1 0 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Analyzing the U.S Patent 6,199,519,the Plaintiff, as owner of his original intellectual property in view of Copyrighted and published works [1],[2],[3] and [4] admits that:

- **Peter Van Blarigan** ,as the inventor, and **Sandia Corporation** ,as the assignee ,in the claims 1,4,6,9,11(iii),11(b),15,17,20,22,25,27,30 of U.S Patent 6,199519 , *illegally use the above-known Plaintiff's original Copyrighted and scientific works;*

- **Patent and Trademark Office** in period of Examining Procedure Process, in question of PRIOR ART and definition of novelty and originality, and also of issue new U.S Patent 6,199,519, *made the big mistake because they did not take under consideration* the known Plaintiff's intellectual works which have the early priority than U.S Patent 6,199,519, and besides these works were Copyrighted and published for publicity in USA and abroad in the different sources such as:

  *[1] :*U.S Copyright, as Visual Art* " Combined Engine" Vau 333-054 on the day registration –May 01,1995;
  *[2]:*U.S Copyright, Literature work* " The Russian Scientist and Inventor brings the new technologies to USA ",Txu 736-468,on the day registration –March 20,1996;
  *[3]:* " *Catalog Inventions for Commercialization*" published by U.S National Congress Inventor Organization (NCIO/IFIA),on the day registration-May 20,1993 and August 19,1993;
  *[4]: *"Proceeding of the 27th Conference"* on Mechanical Engineering in Technion City, Haifa, Israel , on the day presentation-May 19,1998.

So, above-named factors show that Defendants have made for me the huge creative and moral damage, as Professional Scientist and Inventor, because they present illegally use my intellectual properties in the claims of U.S Patent 6,199,519 and for this reason Plaintiff asks the Court to recognize U.S Patent 6,199,519 as " INVALID" and cancel it then. And besides the Plaintiff demands that this case was also considered by a JURY and professional experts .

Date:

May 10,2004

Anatoly Rozenblat,
Plaintiff
10 East Ontario Street #2606
Chicago , Illinois 60611

Phone: (312)-751-1268

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:   04cv3289

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Anatoly Rosenblat (Appellant) | | Sandia (Appellees) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Anatoly Rosenblat | Name | Charles W. Shifley |
| Firm | pro se | Firm | Banner & Witcoff, Ltd. |
| Address | 10 East Ontario Street #2606 Chicago, IL 60611 | Address | 10 South Wacker Dr. Suite 3000 Chicago, IL 60606 |
| Phone | (312) 751-1268 | Phone | (312) 463-5000 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Der-Yeghiayan | Date Filed in District Court | 7/21/04 |
| Court Reporter | L. LaCien (ext 5032) | Date of Judgment | 5/2/05 |
| Nature of Suit Code | 830 | Date of Notice of Appeal | 5/10/05 |

COUNSEL:          Appointed [ ]          Retained [ ]          Pro Se [x]

FEE STATUS:          Paid [ ]          Due [ ]          IFP [x]

IFP Pending [ ]          U.S. [ ]          Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?          Yes [ ]          No [x]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]          Denied [ ]          Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3289 | **DATE** | 5/2/2005 |
| **CASE TITLE** | Anatoly Rozenblat vs. Sandia | | |

**DOCKET ENTRY TEXT:**

> For the reasons stated in the attached memorandum opinion, defendants' motions to dismiss are granted in their entirety. All pending dates and motions are hereby stricken as moot. Terminating case.

■[ For further details see attached memorandum opinion.

Docketing to mail notices.

---

## STATEMENT

| | Courtroom Deputy Initials: | maw |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANATOLY ROZENBLAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 3289 |
| | ) | |
| SANDIA CORPORATION, PETER | ) | |
| VAN BLARIGAN, AND UNITED | ) | |
| STATES PATENT AND TRADEMARK | ) | |
| OFFICE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sandia Corporation's ("Sandia")

and Defendant Peter Van Blarigan's ("Blarigan") motion to dismiss and on

Defendant United States Patent and Trademark Office's ("PTO") motion to dismiss.

For the reasons stated below, we grant both motions to dismiss in their entirety.

## BACKGROUND

Plaintiff Anatoly Rosenblat ("Rosenblat") brought the instant action and seeks

one form of relief. Rosenblat seeks a declaration by the court that U.S. Patent

1

6,199,519 ("'519 Patent"), which he contends is owned by Sandia and Blarigan, is

invalid. Sandia and Blarigan have moved to dismiss the claims brought against them

based upon a lack of subject matter jurisdiction and lack of personal jurisdiction.

PTO has moved to dismiss the claims brought against it based upon a lack of subject

matter jurisdiction.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) directs a court to dismiss a claim for

lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Pursuant to 28 U.S.C. §

1338(a) a federal district court has "original jurisdiction of any civil action arising

under any Act of Congress relating to patents, plant variety protection, copyrights

and trademarks. . . ." 28 U.S.C. § 1338(a). *See also Kroll v. Finnerty*, 242 F.3d

1359, 1363 (Fed. Cir. 2001)(stating that the Supreme Court has interpreted 28

U.S.C. § 1338(a) "to confer jurisdiction upon district courts when 'a well-pleaded

complaint establishes either that federal patent law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal patent law, in that patent law is a necessary element of one of the

well-pleaded claims.'")(quoting *Christianson v. Colt Indus. Operating Corp.*, 486

U.S. 800, 808-09 (1988)).

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") directs a court to

dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). If there

has not been discovery on the issue of personal jurisdiction the plaintiff is required

to make a "*prima facie* showing" that the court has personal jurisdiction over a

defendant. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d

1275, 1282-83 (Fed. Cir. 2005). In ruling on a Rule 12(b)(2) motion to dismiss "the

district court must construe all pleadings and affidavits in the light most favorable to

the plaintiff." *Id.*

## DISCUSSION

### I. Sandia and Blarigan Motion to Dismiss

Sandia and Blarigan (collectively referred to as "Sandia Defendants") argue

that this court lacks subject matter jurisdiction over Rosenblat's claim for a

declaratory judgment. A federal court may issue a declaratory judgment addressing

"the rights of an interested party to an 'actual controversy.'" *West Interactive Corp.

v. First Data Resources, Inc.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992)(citing 28 U.S.C.

§ 2201). In the patent context, in order for there to be an actual controversy for the

purposes of a declaratory judgment, "the defendant's conduct must have created on

the part of the plaintiff a reasonable apprehension that the defendant will initiate suit

if the plaintiff continues the allegedly infringing activity," and "the plaintiff must

actually have either produced the device or have prepared to produce that device."

*Id.* The burden of establishing that there is an actual controversy rests with the

plaintiff. *Id.*

3

In the instant action, Rosenblat has not alleged that the Sandia Defendants made any threat to Rosenblat that they might bring a patent infringement suit against him. There is not any allegation in the complaint of any communications between Rosenblat and the Sandia Defendants. Rosenblat has not alleged that he is engaged in any activity that could be deemed infringement of the '519 Patent. Neither has Rosenblat alleged that he intends to pursue the necessary measures in order to engage in such activity. Therefore, we grant the Sandia Defendants' motion to dismiss for lack of subject matter jurisdiction.

We also note that even if we had subject matter jurisdiction, we would grant the Sandia Defendants' motion to dismiss because this court lacks personal jurisdiction over the Sandia Defendants. Rosenblat does not dispute the contentions of the Sandia Defendants that they have no direct contact with Illinois and do not have the "continuous and systematic" contacts with Illinois required for general personal jurisdiction. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). Neither has Rosenblat shown that either of the Sandia Defendants have connections with Illinois that would fall within the scope of the Illinois Long Arm Statute, 735 ILCS 5/2-209, or have sufficient minimum contacts to support a finding of personal jurisdiction within the limits provided by the United States Constitution. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*, 230 F.3d 934, 942-43 (7th Cir. 2000).

Rosenblat does not in his answer to the motion to dismiss dispute any of the material facts asserted by the Sandia Defendants regarding personal jurisdiction. Rosenblat's only argument in regards to personal jurisdiction is that the Sandia Defendants appeared in this court in another action previously filed by Rosenblat. However, the fact that the Sandia Defendants appeared as Defendants in another action in the Northern District of Illinois does not mean that they waived all personal jurisdiction requirements for future actions. *See e.g. Mallinckrodt Medical, Inc. v. Sonus Pharmaceuticals, Inc.*, 989 F.Supp. 265, 271 (D.C. Cir. 1998). Therefore, based on all of the above analysis, we grant the Sandia Defendants' motion to dismiss.


## II. United States Patent and Trademark Office Motion to Dismiss

PTO argues that the claims against it should be dismissed for lack of subject matter jurisdiction. PTO argues that it is protected from suits such as the instant suit by the doctrine of sovereign immunity. The doctrine of "sovereign immunity shields the Federal Government and its agencies from suit" unless there is a waiver of immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Rosenblat has not pointed to any statute that indicates that Congress intended to waive sovereign immunity to allow suits such as the instant action against the PTO. In addition, as explained above, Rosenblat's claim for a declaratory judgment is not sufficient in and of itself to provide a basis for subject matter jurisdiction since Rosenblat has not alleged an actual controversy in this action. PTO also points out that Rosenblat has an

5

administrative remedy available and Rosenblat has not indicated that he has exhausted that administrative remedy. *See McKart v. U.S.*, 395 U.S. 185, 193 (1969)(explaining doctrine of exhaustion of administrative remedies). Therefore, we grant PTO's motion to dismiss in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant the Sandia Defendants' motion to dismiss in its entirety and we grant PTO's motion to dismiss in its entirety.


Samuel Der-Yeghiayan
United States District Court Judge


Dated: May 2, 2005

6

# United States District Court
## Northern District of Illinois
### Eastern Division

Anatoly Rozenblat

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 04 C 3289

Sandia

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that for the reasons stated in the Court's memorandum opinion dated 05/02/05, defendants Sandia's, Blarigan's and U.S. Patent and Trademark Office's motions to dismiss are granted in their entirety.

Michael W. Dobbins, Clerk of Court

Date: 5/2/2005

/s/ Michael A. Wing, Deputy Clerk

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3289 | **DATE** | 5/2/2005 |
| **CASE TITLE** | Anatoly Rozenblat vs. Sandia | | |

**DOCKET ENTRY TEXT**

For the reasons stated in the attached memorandum opinion, defendants' motions to dismiss are granted in their entirety. All pending dates and motions are hereby stricken as moot. Terminating case.

■[ For further details see attached memorandum opinion.

Docketing to mail notices.

## STATEMENT

| | Courtroom Deputy Initials: | maw |
|---|---|---|



1. AO279, APPEAL, SCHENKIER

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 2.4 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:04-cv-03289

Rozenblat v. Sandia Corp, et al

Assigned to: Honorable Samuel Der-Yeghiayan

Demand: $0

Cause: 15:1126 Patent Infringement

Date Filed: 07/21/2004

Jury Demand: Plaintiff

Nature of Suit: 830 Patent

Jurisdiction: Federal Question

**Plaintiff**

**Anatoly Rozenblat**                represented by    **Anatoly Rozenblat**
                                                       10 East Ontario Street
                                                       #2606
                                                       Chicago, IL 60611
                                                       (312) 751-1268
                                                       PRO SE

V.

**Defendant**

**Sandia Corporation**               represented by    **Charles W. Shifley**
                                                       Banner & Witcoff, Ltd.
                                                       10 South Wacker Drive
                                                       Suite 3000
                                                       Chicago, IL 60606
                                                       (312)463-5000
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Janice V. Mitrius**
                                                       Banner & Witcoff, Ltd.
                                                       10 South Wacker Drive
                                                       Suite 3000
                                                       Chicago, IL 60606
                                                       (312)463-5000

1

**Defendant**

**Peter Van Blarigan**                    represented by **Charles W. Shifley**
*an individual residing in California,*                  (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Janice V. Mitrius**
                                                        (See above for address)


**Defendant**

**Patent and Trademark Office**           represented by **LaShonda Annette Hunt**
                                                        United States Attorney's Office
                                                        219 South Dearborn Street
                                                        Suite 500
                                                        Chicago, IL 60604
                                                        (312) 353-5300
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Samuel Sanford Miller**
                                                        United States Attorney's Office
                                                        219 South Dearborn Street
                                                        Suite 500
                                                        Chicago, IL 60604
                                                        (312) 353-5300
                                                        *TERMINATED: 11/19/2004*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **AUSA**
                                                        United States Attorney's Office
                                                        219 South Dearborn Street
                                                        Suite 500
                                                        Chicago, IL 60604
                                                        (312) 353-5300
                                                        *TERMINATED: 08/30/2004*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2004 | **1** | RECEIVED COMPLAINT with three copies. (ar) Modified on 05/10/2004 (Entered: 05/10/2004) |
| 05/10/2004 | **2** | CIVIL cover sheet. (ar) (Entered: 05/10/2004) |
| 05/10/2004 | **3** | APPLICATION by plaintiff Anatoly Rozenblat to proceed in forma pauperis and financial affidavit (ar) Modified on 05/10/2004 (Entered: 05/10/2004) |
| 05/10/2004 | **4** | MOTION by plaintiff Anatoly Rozenblat for appointment of counsel (ar) (Entered: 05/10/2004) |
| 05/10/2004 | **5** | PRO SE APPEARANCE of Anatoly Rozenblat (ar) (Entered: 05/10/2004) |
| 05/10/2004 |  | FORWARDED complete case file to Judge Der-Yeghiayan's chambers (ar) (Entered: 05/10/2004) |
| 07/21/2004 | **6** | MINUTE ORDER of 7/21/04 by Hon. Samuel Der-Yeghiayan : Status hearing set for 9:00 a.m. on 09/21/04. For the reasons stated on the reverse side of this minute order, the plaintiff's petition to proceed in forma pauperis is granted [3-1]. Plaintiff's motion for appointment of counsel is denied without prejudice [4-1]. (See reverse of minute order.) Mailed notice (ar) (Entered: 07/22/2004) |
| 07/21/2004 |  | COMPLAINT (ar) (Entered: 07/23/2004) |
| 07/23/2004 |  | SUMMONS, original and six copies, issued as to Sandia Corp, Peter Van Blarigan, Patent and Trademark Office with certified copy of minute order of 07/21/04 [6-1] to US Marshals' Office for service (ar) (Entered: 07/23/2004) |
| 07/23/2004 |  | MAILED patent and trademark report to Commissioner of Patents and Trademark (ar) (Entered: 07/23/2004) |
| 08/04/2004 | **7** | RETURN OF SERVICE of summonses, returned unexecuted as to defendants by U.S. Marshals' Service (ar) (Entered: 08/04/2004) |
| 08/04/2004 |  | ALIAS SUMMONSES, five originals and six copies with six copies of complaint, issued as to defendants Sandia Corp, Peter Van Blarigan, and the Patent & Trademark Office, with certified copy of |

| | | minute order dated 07/21/04 [6-1], to U.S. Marshals' Office for service (ar) (Entered: 08/04/2004) |
|---|---|---|
| 08/17/2004 | **8** | US MARSHALS' RETURN OF SERVICE alias summons and complaint executed on 08/13/04 as to defendant Patent & Trademark, c/o US Attorney's Office, Chicago (ar) (Entered: 08/18/2004) |
| 08/19/2004 | 9 | US MARSHALS' RETURNS OF SERVICE (3) of summons executed on 08/13/04 as to defendant Sandia Corp., of alias summonses executed on 08/13/04 as to defendant Peter Van Blarigan, and executed on 08/13/04 as to defendant Patent & Trademark (Attachments). (Documents: #9-1 through #9-3) (ar) Modified on 08/20/2004 (Entered: 08/20/2004) |
| 08/24/2004 | 10 | US MARSHALS' RETURN OF SERVICE of summons and complaint executed on 08/13/04 as to defendant Patent & Trademark, c/o the Attorney General, Washington, DC (Attachments) (ar) (Entered: 08/26/2004) |
| 08/30/2004 | **11** | DESIGNATION OF ATTORNEY Samuel Sanford Miller as US Attorney for defendant Patent and Trademark (ar) (Entered: 08/31/2004) |
| 09/21/2004 | **12** | MINUTE ORDER of 9/21/04 by Hon. Samuel Der-Yeghiayan : Status hearing held and continued to 9:00 a.m. on 12/08/04. The parties are given until 10/05/04 to file the Court's Joint Jurisdictional Status Report and Joint Initial Status Report. Copies of the Court's Joint Jurisdicitonal Status Report and Joint Initial Status Report may be obtained from this Court's web page or from this Court's Courtroom Deputy. The defendants are given until 11/22/04 to answer, move or otherwise plead to the plaintiff's complaint. Mailed notice (ar) (Entered: 09/22/2004) |
| 10/01/2004 | **14** | ATTORNEY APPEARANCE for defendants Sandia Corp and Peter Van Blarigan by Charles W. Shifley, Janice V. Mitrius (ar) (Entered: 10/04/2004) |
| 10/04/2004 | **13** | JOINT STATUS REPORT by plaintiff and defendants (Attachment) (ar) (Entered: 10/04/2004) |
| 11/19/2004 | **15** | DESIGNATION OF ATTORNEY LaShonda Annette Hunt as US Attorney for Patent and Trademark Office (ar) (Entered: 11/22/2004) |
| 11/22/2004 | **18** | MOTION by defendant US Patent & Trademark Office to dismiss complaint ; Memorandum of law in support; Notice (ar) (Entered: |

| | | |
|---|---|---|
| | | 12/09/2004) |
| 11/22/2004 | **19** | MOTION by defendants Sandia Corp and Peter Van Blarigan to dismiss cause of action for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and (2) ; Memorandum in support (Attachments); Notice (ar) Modified on 12/09/2004 (Entered: 12/09/2004) |
| 11/29/2004 | **16** | REPLY and memorandum that to keep in the District Federal Court of Illinois the plaintiff's complaint; Memorandum that to keep in the District Federal Court of Illinois the plaintiff's complaint, by plaintiff Anatoly Rozenblat (Attachments); Notice (ar) Modified on 11/29/2004 (Entered: 11/29/2004) |
| 11/29/2004 | **17** | REPLY and memorandum that to keep in the District Federal Court of Illinois the plaintiff's complaint; Memorandum that to keep in the District Federal Court of Illinois the plaintiff's complaint, by plaintiff Anatoly Rozenblat (Attachments); Notice (ar) (Entered: 11/29/2004) |
| 12/08/2004 | **20** | MINUTE ORDER of 12/8/04 by Hon. Samuel Der-Yeghiayan : Status hearing held and continued to 9:00 a.m. on 01/26/05. Defendants U.S. Patent and Trademark's motion to dismiss [18-1] and Sandia's motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to FRCP 12(b)(1) and (2) [19-1] are entered and continued. Defendants are given until 12/15/04 to file their replies in support, if any [18-1] [19-1]. Mailed notice (ar) (Entered: 12/09/2004) |
| 12/15/2004 | **21** | REPLY memorandum of law by defendant U.S. Patent & Trademark Office in support of its motion to dismiss [18-1] (ar) (Entered: 12/16/2004) |
| 12/15/2004 | **22** | REPLY memorandum by defendants Sandia Corp and Peter Van Blarigan in support of their motion to dismiss cause of action for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and (2) [19-1] (ar) (Entered: 12/22/2004) |
| 12/17/2004 | **23** | MOTION by plaintiff Anatoly Rozenblat to appoint a technical expert testimony, as evidence, in accordance with the Rules 706 Section 6301, Sections 60:1103 to 60:1109, and 26(b)(4), that to keep plaintiff's complaint and to dismiss defendants' motions of November 22, 2004 ; Notice (ar) (Entered: 01/10/2005) |
| 02/01/2005 | **24** | MINUTE entry before Judge Samuel Der-Yeghiayan : Status hearing |

| | | |
|---|---|---|
| | | reset to 03/22/2005 at 09:00 AM. (mw, ) (Entered: 02/01/2005) |
| 03/09/2005 | **25** | MINUTE entry before Judge Samuel Der-Yeghiayan : Status hearing reset to 5/4/2005 at 09:00 AM. Status hearing set for 03/22/05 is stricken. Judge's staff mailed notice (mw, ) (Entered: 03/09/2005) |
| 05/02/2005 | **26** | MINUTE entry before Judge Samuel Der-Yeghiayan : For the reasons stated in the attached memorandum opinion, defendants' motion to dismiss **18**,**19**, **23** and **23** are granted in their entirety. All pending dates and motions are hereby stricken as moot. Civil case terminated. Mailed notice (mjc, ) (Entered: 05/06/2005) |
| 05/02/2005 | **27** | MEMORANDUM Opinion Signed by Judge Samuel Der-Yeghiayan on 5/2/2005.(mjc, ) (Entered: 05/06/2005) |
| 05/02/2005 | **28** | ENTERED JUDGMENT. (mjc, ) (Entered: 05/06/2005) |
| 05/02/2005 | **29** | MINUTE entry before Judge Samuel Der-Yeghiayan : For the reasons stated in the attached memorandum opinion, defendants' motions to dismiss are granted in their entirety. All pending dates and motions are hereby stricken as moot. Terminating case. Mailed notice (jmm, ) (Entered: 05/10/2005) |
| 05/10/2005 | **30** | AFFIDAVIT of Anatoly I. Rosenblat accompanying motion for permission to appeal in forma pauperis. (air, ) (Entered: 05/12/2005) |
| 05/10/2005 | **31** | NOTICE of appeal by Anatoly Rozenblat regarding orders **29**, **26**, **27**, **28** ifp status granted. (air, ) (Entered: 05/12/2005) |
| 05/12/2005 | 32 | TRANSMITTED to the 7th Circuit the short record on notice of appeal**31**. Notified counsel. (air, ) (Entered: 05/12/2005) |