# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT
219 S. Dearborn Street
Chicago, Illinois 60604-1874

## NOTICE OF APPEAL TO A COURT OF APPEALS FROM JUDGMENT OF MAY 2, 2005 OF THE NORTHERN DISTRICT COURT OF ILLINOIS

United States District Court for the Northern
District of Illinois
Case Number 04C-3289

| | |
|---|---|
| **Anatoly Rozenblat**<br>An individual residing<br>in Illinois,<br>Plaintiff<br>v.<br><br>**Sandia Corporation d/b/a**<br>**Sandia National Laboratories**<br>a Delaware corporation<br><br>**Peter Van Blarigan**<br>An individual residing<br>In California<br>And<br>**Patent and Trademark Office**<br>Defendants | **NOTICE OF APPEAL**<br><br><br><br>**FILED**<br><br>MAY 10 2005<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

Notice is hereby given that Anatoly I. Rozenblat, as the Plaintiff and Defendants', Sandia Corporation, et al in the above named case No.04C-3289, hereby appeal to the United States Court of Appeal for the Seventh Circuit from the final judgment made by Hon. Judge Der-Yeghiayan on the *"Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Fed.R.Civ.P.12(b)(1) and (2)*, on the May 2, 2005.

Enclosed Memorandum in support of Plaintiff "Notice Appeal" for review of Hon. Judge Der-Yeghiayan finally judgment of May 2, 2005 on case No.04C-3289.

Respectfully submitted

Anatoly Rozenblat,
Plaintiff
10 East Ontario Street #2606
Chicago, Illinois 60611

Dated. May 10, 2005

**UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**
219 S. Dearborn Street
Chicago, Illinois 60604-1874

**MEMORANDUM IN SUPPORT OF PLAINTIFF APPEAL FOR REVIEW OF HON.JUDGE DER-YEGHIAYAN FINALLY JUDGMENT OF MAY 2,2005 ON CASE NO.04C-3289.**

I, Anatoly Rozenblat, as the Plaintiff could not agree with Hon. Judge Der-Yeghiayan finally judgment of May 2,2005 *(see copy of judgment of 5/02/2005)* and also by fact that against of me was moved " Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Fed.R.Civ.P.12(b)(1) and (2)" for the next reasons :

- Plaintiff thinks that Federal District Court did not consider in essence the Plaintiff's Complaint of May 10,2004 and further objective materials in view of "Joint Status Report" of October 04,2004 and "Plaintiff's reply and Memorandum that to keep in the District Federal Court of Illinois the Plaintiff's complaint " of November 29,2004;
- As fact all Plaintiff's motions and replies in period of civil procedures were almost ignored by Defendants' and Federal Court and Plaintiff admits that actually was not normal court process in accordance with the Federal procedure Rule 28 U.S.C.A $1338(a) [*see Federal Procedure. Lawyers Edition $60:962 to 60:1197*] and I believe it is because I am minority, and low-income retiree person. That is why I was not able to afford having a counsel who would provide to me a legal help. However, legal help were provided to the Defendants' which are the Federal agencies;
- Plaintiff, as Professional Mechanical Engineer& Inventor thinks that everyone American citizen has right to search justice in the Federal Court and again ask to reconsider of Hon. Judge Der-Yeghiayan finally judgment of 05/02/2005 or to appoint the trial in accordance with my Complaint of 05/10/2004 and Plaintiff's motion to appoint a technical expert, as evidence in accordance with the Federal Civil Rules 706 $6301and 26(b)(4).

And besides the Plaintiff does agree with some conclusions of Hon. Judge Der-Yeghiayan in finally judgment 0f 05/02/2005 such as:

- "......*Rozenblat seeks a declaration* .."(page 1) and I think that this can correctly to express so –Rozenblat wants professionally expertise the claims of plaintiff's and defendants' innovations and then define invalid U.S Patent 6,199,519 in accordance with the Plaintiff's Complaint of 05/10/04;
- "....Sandia and Blarigan have moved to dismiss....." (page 2) and why Federal Court gave the possibility the Defendant's to ignore the Plaintiff's Complaint of 5/10/2004 and these questions have not been taken under consideration by them and Federal Court.

Respectfully submitted

May 10,2005     Anatoly Rozenblat, Plaintiff
10 East Ontario Street #2606
Chicago, Illinois 60611

## CERTIFICATE OF SERVICE

Anatoly Rozenblat, as Plaintiff ,hereby certifies that a copy of the foregoing **NOTICE OF APPEAL TO A COURT OF APPEALS FROM JUDGEMENT OF MAY 2,2005 OF THE NORTHERN DISTRICT COURT OF ILLINOIS,** was served via First class mail on May 10,2005.

To: Janice V.Mitrius
  Banner &Witcoff, Ltd
  10 South Wacker Drive
  Suite 3000
  Chicago, Illinois 60606

  Lashonda A.Hunt
  Assistant United
  States Attorney
  219 South Dearborn Street
  Chicago ,Illinois 60604

Anatoly Rozenblat,
Plaintiff

10 East Ontario Street #2606
Chicago, Illinois 60611

Order Form (01/2005) Case 1:04-cv-03289 Document 26 Filed 05/02/2005 Page 1 of 1 

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3289 | **DATE** | 5/2/2005 |
| **CASE TITLE** | Anatoly Rozenblat vs. Sandia | | |

**DOCKET ENTRY TEXT:**

For the reasons stated in the attached memorandum opinion, defendants' motions to dismiss are granted in their entirety. All pending dates and motions are hereby stricken as moot. Terminating case.

■[ For further details see attached memorandum opinion. Docketing to mail notices.



**STATEMENT**

Courtroom Deputy Initials: maw

04C3289 Anatoly Rozenblat vs. Sandia  Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANATOLY ROZENBLAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 3289 |
| ) | |
| SANDIA CORPORATION, PETER ) | |
| VAN BLARIGAN, AND UNITED ) | |
| STATES PATENT AND TRADEMARK ) | |
| OFFICE, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sandia Corporation's ("Sandia") and Defendant Peter Van Blarigan's ("Blarigan") motion to dismiss and on Defendant United States Patent and Trademark Office's ("PTO") motion to dismiss. For the reasons stated below, we grant both motions to dismiss in their entirety.

### BACKGROUND

Plaintiff Anatoly Rosenblat ("Rosenblat") brought the instant action and seeks one form of relief. Rosenblat seeks a declaration by the court that U.S. Patent

1

6,199,519 ("'519 Patent"), which he contends is owned by Sandia and Blarigan, is invalid. Sandia and Blarigan have moved to dismiss the claims brought against them based upon a lack of subject matter jurisdiction and lack of personal jurisdiction. PTO has moved to dismiss the claims brought against it based upon a lack of subject matter jurisdiction.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) directs a court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Pursuant to 28 U.S.C. § 1338(a) a federal district court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. . . ." 28 U.S.C. § 1338(a). *See also Kroll v. Finnerty*, 242 F.3d 1359, 1363 (Fed. Cir. 2001)(stating that the Supreme Court has interpreted 28 U.S.C. § 1338(a) "to confer jurisdiction upon district courts when 'a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'")(quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988)).

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") directs a court to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). If there

2

has not been discovery on the issue of personal jurisdiction the plaintiff is required to make a "*prima facie* showing" that the court has personal jurisdiction over a defendant. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d 1275, 1282-83 (Fed. Cir. 2005). In ruling on a Rule 12(b)(2) motion to dismiss "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff." *Id.*

## DISCUSSION

### I. Sandia and Blarigan Motion to Dismiss

Sandia and Blarigan (collectively referred to as "Sandia Defendants") argue that this court lacks subject matter jurisdiction over Rosenblat's claim for a declaratory judgment. A federal court may issue a declaratory judgment addressing "the rights of an interested party to an 'actual controversy.'" *West Interactive Corp. v. First Data Resources, Inc.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992)(citing 28 U.S.C. § 2201). In the patent context, in order for there to be an actual controversy for the purposes of a declaratory judgment, "the defendant's conduct must have created on the part of the plaintiff a reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity," and "the plaintiff must actually have either produced the device or have prepared to produce that device." *Id.* The burden of establishing that there is an actual controversy rests with the plaintiff. *Id.*

3

In the instant action, Rosenblat has not alleged that the Sandia Defendants made any threat to Rosenblat that they might bring a patent infringement suit against him. There is not any allegation in the complaint of any communications between Rosenblat and the Sandia Defendants. Rosenblat has not alleged that he is engaged in any activity that could be deemed infringement of the '519 Patent. Neither has Rosenblat alleged that he intends to pursue the necessary measures in order to engage in such activity. Therefore, we grant the Sandia Defendants' motion to dismiss for lack of subject matter jurisdiction.

We also note that even if we had subject matter jurisdiction, we would grant the Sandia Defendants' motion to dismiss because this court lacks personal jurisdiction over the Sandia Defendants. Rosenblat does not dispute the contentions of the Sandia Defendants that they have no direct contact with Illinois and do not have the "continuous and systematic" contacts with Illinois required for general personal jurisdiction. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 ($7^h$ Cir. 1998). Neither has Rosenblat shown that either of the Sandia Defendants have connections with Illinois that would fall within the scope of the Illinois Long Arm Statute, 735 ILCS 5/2-209, or have sufficient minimum contacts to support a finding of personal jurisdiction within the limits provided by the United States Constitution. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*, 230 F.3d 934, 942-43 ($7^h$ Cir. 2000).

4

Rosenblat does not in his answer to the motion to dismiss dispute any of the material facts asserted by the Sandia Defendants regarding personal jurisdiction. Rosenblat's only argument in regards to personal jurisdiction is that the Sandia Defendants appeared in this court in another action previously filed by Rosenblat. However, the fact that the Sandia Defendants appeared as Defendants in another action in the Northern District of Illinois does not mean that they waived all personal jurisdiction requirements for future actions. *See e.g. Mallinckrodt Medical, Inc. v. Sonus Pharmaceuticals, Inc.*, 989 F.Supp. 265, 271 (D.C. Cir. 1998). Therefore, based on all of the above analysis, we grant the Sandia Defendants' motion to dismiss.

## II. United States Patent and Trademark Office Motion to Dismiss

PTO argues that the claims against it should be dismissed for lack of subject matter jurisdiction. PTO argues that it is protected from suits such as the instant suit by the doctrine of sovereign immunity. The doctrine of "sovereign immunity shields the Federal Government and its agencies from suit" unless there is a waiver of immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Rosenblat has not pointed to any statute that indicates that Congress intended to waive sovereign immunity to allow suits such as the instant action against the PTO. In addition, as explained above, Rosenblat's claim for a declaratory judgment is not sufficient in and of itself to provide a basis for subject matter jurisdiction since Rosenblat has not alleged an actual controversy in this action. PTO also points out that Rosenblat has an

5

Case 1:04-cv-03289   Document 27   Filed 05/02/2005   Page 6 of 6

administrative remedy available and Rosenblat has not indicated that he has exhausted that administrative remedy. *See McKart v. U.S.*, 395 U.S. 185, 193 (1969)(explaining doctrine of exhaustion of administrative remedies). Therefore, we grant PTO's motion to dismiss in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant the Sandia Defendants' motion to dismiss in its entirety and we grant PTO's motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 2, 2005

## Plaintiff's invention

# COMBINED ENGINE

### ABSTRACT OF THE DISCLOSURE

A combined engine presents the system of two mechanisms: from one side this device consists from a crankshaft phasing engine for converting energy of thermodynamic process into mechanical energy such as transferring motion to mechanism of transmission having one or more movable axially piston whereby connected rod of said engine and also a motionless element cylinder embraced to said piston ,and to another side this device has additionally new elements forming new energy on said engine-electric energy such as inducing an alternating current in a generator device at least having the permanent magnets rigidly mounted of said movable piston in the progressive direction and fixed on periphery arranging only surface with to said cylinder forming a magnetic field surrounding surface of said piston and installed the permanent magnets on lower part of said piston on side of crankcase space on said of cylinder and also elements of a coils inducing one or more separate coils connected a rigid unitary one with other in series circuit and installed inside of said cylinder on perimeter along his cylindrical surface and generatrix element of said cylinder to special made hollows in a form of said coil and their contacting surfaces with to said permanent magnets arranged with minimal space relative to said cylinder.

In process of committing a full working cycle in a crankshaft engine, a piston with the permanent magnets ( they fulfill a function of solenoid) produce a magnetic field ,which on Faraday's law ,in a winding of excitation is installed in a hollow to said of cylinder ( they fulfill a function as a inductance –coil) ,induces a electromotive force (e.m.f) and current.



1 CLAIM, 2 DRAWING FIGURES

**Defendants' device**

U.S. Patent    Mar. 13, 2001    Sheet 2 of 16    US 6,199,519 B1



**FIG._1B**



**FIG._1C**

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ANATOLY ROZENBLAT )
An individual residing )
In Illinois, ) CIVIL ACTION
Plaintiff ) No.
)
v. )
) **04C 3289**
SANDIA CORPORATION )
)  JUDGE DER-YEGHIAYAN
PETER VAN BLARIGAN )
An individual residing )
in California )  MAGISTRATE SIDNEY I. SCHENKIER
)
and )
PATENT AND TRADEMARK )
OFFICE )
)
Defendants )

## COMPLAINT THAT TO CANCEL U.S PATENT 6,199,519 AND RECOGNIZE IT AS " INVALID "

1. This is an action to cancel U.S Patent 6,199,519 and recognize it as " Invalid".

2. The Plaintiff is Mr.Anatoly Rozenblat, as Independent Scientist and Inventor of county of Illinois in the state of Chicago,
10 East Ontario Street #2606 , Chicago ,Illinois 60611.

3.The Defendants are :
   a) Sandia Corporation
   P.O Box 969
   Livermore,CA 94551

   b) Peter Van Blarigan
   P.O Box 969
   Livermore ,CA 94551

   c)Patent and Trademark Office
   Washington, D.C 20231

RECEIVED

MAY 10 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Analyzing the U.S Patent 6,199,519, the Plaintiff, as owner of his original intellectual property in view of Copyrighted and published works [1],[2],[3] and [4] admits that:

- **Peter Van Blarigan**, as the inventor, and **Sandia Corporation**, as the assignee, in the claims 1,4,6,9,11(iii),11(b),15,17,20,22,25,27,30 of U.S Patent 6,199519, *illegally use the above-known Plaintiff's original Copyrighted and scientific works;*

- **Patent and Trademark Office** in period of Examining Procedure Process, in question of PRIOR ART and definition of novelty and originality, and also of issue new U.S Patent 6,199,519, *made the big mistake because they did not take under consideration* the known Plaintiff's intellectual works which have the early priority than U.S Patent 6,199,519, and besides these works were Copyrighted and published for publicity in USA and abroad in the different sources such as:

*[1] : *U.S Copyright, as Visual Art* " Combined Engine" Vau 333-054 on the day registration –May 01,1995;
*[2]: *U.S Copyright, Literature work* " The Russian Scientist and Inventor brings the new technologies to USA ",Txu 736-468, on the day registration –March 20,1996;
*[3]: *" Catalog Inventions for Commercialization"* published by U.S National Congress Inventor Organization (NCIO/IFIA), on the day registration-May 20,1993 and August 19,1993;
*[4]: *"Proceeding of the 27th Conference"* on Mechanical Engineering in Technion City, Haifa, Israel, on the day presentation- May 19,1998.

So, above-named factors show that Defendants have made for me the huge creative and moral damage, as Professional Scientist and Inventor, because they present illegally use my intellectual properties in the claims of U.S Patent 6,199,519 and for this reason Plaintiff asks the Court to recognize U.S Patent 6,199,519 as " INVALID" and cancel it then. And besides the Plaintiff demands that this case was also considered by a JURY and professional experts.

Date:

May 10, 2004

Anatoly Rozenblat,
Plaintiff
10 East Ontario Street #2606
Chicago, Illinois 60611

Phone: (312)-751-1268