04c3289 FILED

SEP 2 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
717 Madison Place, NW
Washington, DC 20439

## Memorandum in support of Plaintiff " Notice of Appeal"

I, Anatoly Rozenblat, as the Plaintiff could not agree with Hon. Judge Der-Yeghiayan finally judgment of May 2, 2005 (*see copy of judgment of 5/02/2005*) and also by fact that against of me was moved "Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Fed.R.Civ.P.12(b)(1) and (2) for the next reasons:

- Plaintiff thinks that Federal District Court did not consider in essence the Plaintiff's Complaint of May 10, 2004 and further objective materials in view of "*Joint Status Report*" of October 04, 2004 and "*Plaintiff's reply and memorandum that to keep in the District Federal Court of Illinois the Plaintiff's Complaint*" of November 29, 2004;

- As fact, all Plaintiff's motions and replies in period of civil procedures were almost ignored by Defendants' and Federal District Court and Plaintiff admits that actually was not normal court process in accordance with the Federal procedure Rule 28 U.S.C.A §1338 (a) [*see Federal Procedure .Lawyers Edition§60:962 to 60:1197*]. And I believe it is because I am minority with low income retiree person. That is why I was not able to afford having a counsel who would provide to me a legal help. However, legal help were provided to the Defendants' which are the Federal agencies;

- Plaintiff, as Professional Mechanical Engineer& Inventor, thinks that everyone American citizen has right to search justice in the United States Court of Appeals for the Federal Circuit and again ask to reconsider of Hon. Judge Der-Yeghiayan finally judgment of 05/02/2005 or to appoint the trial in accordance with Plaintiff's Complaint of 05/10/2004 and Plaintiff's motion to appoint a technical expert, as evidence pursuant Federal Civil Rules 706 §6301 and 26(b)(4).

Dated: September 21, 2005
Anatoly Rozenblat, Plaintiff
150 West Maple Street #308
Chicago, Illinois 60610

Respectfully submitted

*[signature]* 9/21/05

## CERTIFICATE OF SERVICE

Anatoly Rozenblat, as Plaintiff, hereby certifies that a copy of the foregoing "NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT", was served via First class mail on September 21,2005 to :

| | |
|---|---|
| Janice V. Mitrius | Lashonda A. Hunt |
| Banner & Witcoff, Ltd | Assistant United |
| 10 South Wacker Drive | States Attorney |
| Suite 3000 | 219 South Dearborn Street |
| Chicago, Illinois 60606 | Chicago, Illinois   60604 |

*[signature]*  9/21/05

Anatoly Rozenblat,

Plaintiff

150 West Maple Street #308

Chicago, Illinois 60610

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3289 | DATE | 5/2/2005 |
| CASE TITLE | Anatoly Rozenblat vs. Sandia | | |

**DOCKET ENTRY TEXT:**

For the reasons stated in the attached memorandum opinion, defendants' motions to dismiss are granted in their entirety. All pending dates and motions are hereby stricken as moot. Terminating case.

■ [ For further details see attached memorandum opinion.

Docketing to mail notices.

## STATEMENT

COPY

| | |
|---|---|
| Courtroom Deputy Initials: | maw |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANATOLY ROZENBLAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 3289 |
| | ) | |
| SANDIA CORPORATION, PETER | ) | |
| VAN BLARIGAN, AND UNITED | ) | |
| STATES PATENT AND TRADEMARK | ) | |
| OFFICE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sandia Corporation's ("Sandia") and Defendant Peter Van Blarigan's ("Blarigan") motion to dismiss and on Defendant United States Patent and Trademark Office's ("PTO") motion to dismiss. For the reasons stated below, we grant both motions to dismiss in their entirety.

## BACKGROUND

Plaintiff Anatoly Rosenblat ("Rosenblat") brought the instant action and seeks one form of relief. Rosenblat seeks a declaration by the court that U.S. Patent

1

6,199,519 ("'519 Patent"), which he contends is owned by Sandia and Blarigan, is invalid. Sandia and Blarigan have moved to dismiss the claims brought against them based upon a lack of subject matter jurisdiction and lack of personal jurisdiction. PTO has moved to dismiss the claims brought against it based upon a lack of subject matter jurisdiction.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) directs a court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Pursuant to 28 U.S.C. § 1338(a) a federal district court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. . . ." 28 U.S.C. § 1338(a). *See also Kroll v. Finnerty*, 242 F.3d 1359, 1363 (Fed. Cir. 2001)(stating that the Supreme Court has interpreted 28 U.S.C. § 1338(a) "to confer jurisdiction upon district courts when 'a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'")(quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988)).

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") directs a court to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). If there

2

has not been discovery on the issue of personal jurisdiction the plaintiff is required to make a "*prima facie* showing" that the court has personal jurisdiction over a defendant. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d 1275, 1282-83 (Fed. Cir. 2005). In ruling on a Rule 12(b)(2) motion to dismiss "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff." *Id.*

## DISCUSSION

### I. Sandia and Blarigan Motion to Dismiss

Sandia and Blarigan (collectively referred to as "Sandia Defendants") argue that this court lacks subject matter jurisdiction over Rosenblat's claim for a declaratory judgment. A federal court may issue a declaratory judgment addressing "the rights of an interested party to an 'actual controversy.'" *West Interactive Corp. v. First Data Resources, Inc.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992)(citing 28 U.S.C. § 2201). In the patent context, in order for there to be an actual controversy for the purposes of a declaratory judgment, "the defendant's conduct must have created on the part of the plaintiff a reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity," and "the plaintiff must actually have either produced the device or have prepared to produce that device." *Id.* The burden of establishing that there is an actual controversy rests with the plaintiff. *Id.*

3

In the instant action, Rosenblat has not alleged that the Sandia Defendants made any threat to Rosenblat that they might bring a patent infringement suit against him. There is not any allegation in the complaint of any communications between Rosenblat and the Sandia Defendants. Rosenblat has not alleged that he is engaged in any activity that could be deemed infringement of the '519 Patent. Neither has Rosenblat alleged that he intends to pursue the necessary measures in order to engage in such activity. Therefore, we grant the Sandia Defendants' motion to dismiss for lack of subject matter jurisdiction.

We also note that even if we had subject matter jurisdiction, we would grant the Sandia Defendants' motion to dismiss because this court lacks personal jurisdiction over the Sandia Defendants. Rosenblat does not dispute the contentions of the Sandia Defendants that they have no direct contact with Illinois and do not have the "continuous and systematic" contacts with Illinois required for general personal jurisdiction. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). Neither has Rosenblat shown that either of the Sandia Defendants have connections with Illinois that would fall within the scope of the Illinois Long Arm Statute, 735 ILCS 5/2-209, or have sufficient minimum contacts to support a finding of personal jurisdiction within the limits provided by the United States Constitution. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*, 230 F.3d 934, 942-43 (7th Cir. 2000).

4

Rosenblat does not in his answer to the motion to dismiss dispute any of the material facts asserted by the Sandia Defendants regarding personal jurisdiction. Rosenblat's only argument in regards to personal jurisdiction is that the Sandia Defendants appeared in this court in another action previously filed by Rosenblat. However, the fact that the Sandia Defendants appeared as Defendants in another action in the Northern District of Illinois does not mean that they waived all personal jurisdiction requirements for future actions. *See e.g. Mallinckrodt Medical, Inc. v. Sonus Pharmaceuticals, Inc.*, 989 F.Supp. 265, 271 (D.C. Cir. 1998). Therefore, based on all of the above analysis, we grant the Sandia Defendants' motion to dismiss.

## II. United States Patent and Trademark Office Motion to Dismiss

PTO argues that the claims against it should be dismissed for lack of subject matter jurisdiction. PTO argues that it is protected from suits such as the instant suit by the doctrine of sovereign immunity. The doctrine of "sovereign immunity shields the Federal Government and its agencies from suit" unless there is a waiver of immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Rosenblat has not pointed to any statute that indicates that Congress intended to waive sovereign immunity to allow suits such as the instant action against the PTO. In addition, as explained above, Rosenblat's claim for a declaratory judgment is not sufficient in and of itself to provide a basis for subject matter jurisdiction since Rosenblat has not alleged an actual controversy in this action. PTO also points out that Rosenblat has an

administrative remedy available and Rosenblat has not indicated that he has exhausted that administrative remedy. *See McKart v. U.S.*, 395 U.S. 185, 193 (1969)(explaining doctrine of exhaustion of administrative remedies). Therefore, we grant PTO's motion to dismiss in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant the Sandia Defendants' motion to dismiss in its entirety and we grant PTO's motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 2, 2005

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

August 29, 2005

*Before*

Hon. Daniel A. Manion, *Circuit Judge*
Hon. Michael S. Kanne, *Circuit Judge*
Hon. Terence T. Evans, *Circuit Judge*

| | |
|---|---|
| ANATOLY ROZENBLAT,<br>    Plaintiff-Appellant,<br><br>No. 05-2605           v.<br><br>SANDIA CORPORATION, PETER VAN BLARIGAN and PATENT AND TRADEMARK OFFICE,<br>    Defendants-Appellees. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 04 C 3289<br>]<br>] Samuel  Der-Yeghiayan,<br>]    Judge. |

O R D E R

On consideration of the papers filed in this appeal and review of the short record,

IT IS ORDERED that this appeal is TRANSFERRED to the United States Court of Appeals for the Federal Circuit. See 28 U.S.C. § 1631.

The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals in which the jurisdiction of the district court is based, in whole or in part, on the patent laws. See 28 U.S.C. § 1295(a)(1); see also *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 906-07 (7th Cir. 2003).

In the present case, the district court's jurisdiction is based on the patent laws. See 28 U.S.C. § 1338. As such, this court has no jurisdiction over appellant's appeal.