NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1556

ANATOLY ROZENBLAT,

Plaintiff-Appellant,

v.

SANDIA CORPORATION, and PETER VAN BLARIGAN,

Defendants-Appellees,

and

UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

---

DECIDED: March 17, 2006

---

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Anatoly Rozenblat appeals the decision of the United States District Court for the Northern District of Illinois dismissing his claim against Sandia Corporation and Peter Van Blarigan for lack of subject matter and personal jurisdiction, and dismissing his claim

against the Patent and Trademark Office ("PTO") for lack of subject matter jurisdiction.[1] We affirm.

## BACKGROUND

Mr. Rozenblat brought this action seeking a declaration by the court that U.S. Patent No. 6,199,519 (the "'519 patent") is invalid. The '519 patent is entitled "Free-Piston Engine" and is directed to a combustion system for generating electrical current in a hybrid automobile. Mr. Rozenblat's complaint was directed against Mr. Van Blarigan and Sandia Corporation as the inventor and owner of the patent, respectively, and against the PTO as the party that issued the patent in error:

> Peter Van Blarigan, as the inventor, and Sandia Corporation, as the assignee . . . *illegally use the above-known Plaintiff's original Copyrighted and scientific works*; [and] Patent and Trademark Office in period of Examining Procedure Process, in question of PRIOR ART and definition of novelty and originality, and also of issue new U.S. Patent 6,199,519, *made the big mistake because they did not take under consideration* the known Plaintiff's intellectual works which have the early priority than U.S. Patent 6,199,519, and besides these works were Copyrighted and published for publicity in USA and abroad in the different sources . . . .

(emphasis in original). The district court dismissed the claim against Mr. Van Blarigan and Sandia Corporation for lack of subject matter jurisdiction because Mr. Rozenblat had not established an actual controversy with these defendants. The court observed that Mr. Rozenblat had not alleged that there had been any threat of a patent infringement suit, nor any communication with the defendants, nor any allegation that he is engaged in activity that could be deemed infringement of the '519 patent. The court also held in the alternative that even if there were subject matter jurisdiction, dismissal would nonetheless

---

[1] Rozenblat v. Sandia Corp., No. 04-C-3289, 2005 U.S. Dist. LEXIS 9583 (May 2, 2005).

be proper for lack of personal jurisdiction, because Mr. Rozenblat had not shown that Mr. Blarigan and Sandia Corporation had sufficient contacts with Illinois to establish general or specific personal jurisdiction.

The court dismissed the claim against the PTO for lack of subject matter jurisdiction, observing that Mr. Rozenblat had not pointed to any statute indicating that Congress intended to waive sovereign immunity to allow his suit, that his claim for a declaratory judgment was not sufficient because he had not established an actual controversy with the PTO, and that Mr. Rozenblat had not exhausted the administrative remedy of requesting patent reexamination.

On May 10, 2005 Mr. Rozenblat timely but incorrectly filed his appeal in the Court of Appeals for the Seventh Circuit, which transferred the appeal to this court on August 29, 2005. See 28 U.S.C. §1295(a) (the Federal Circuit has jurisdiction over appeals of final decisions in patent actions).

## DISCUSSION

On appeal, Mr. Rozenblat asserts error in the district court's dismissal, for lack of jurisdiction, of his claim against Van Blarigan and Sandia Corporation, and of his claim against the PTO. When jurisdictional facts are undisputed, jurisdiction is a question of law that we review de novo. Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

### Mr. Van Blarigan and Sandia Corporation

Mr. Rozenblat argues that the district court erred in dismissing his declaratory judgment action against Mr. Van Blarigan and Sandia Corporation for lack of an "actual controversy." Mr. Rozenblat states that his controversy with Mr. Van Blarigan and Sandia

Corporation lies in the fact that the '519 patent is invalid because it was derived from his original work. Mr. Van Blarigan and Sandia respond that there is no controversy that will support jurisdiction under the Declaratory Judgment Act, because there have been no allegations of infringement or threats of infringement, nor of any activity that could conceivably constitute infringement.

A district court only has subject matter jurisdiction over a declaratory judgment action when there is an "actual controversy." 28 U.S.C. §2201(a) (1994); BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993). "In general, the presence of an 'actual controversy' within the meaning of the statute depends on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" EMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). In dismissing Mr. Rozenblat's action, the district court observed that:

> In the instant action, Rosenblat has not alleged that the Sandia Defendants made any threat to Rosenblat that they might bring a patent infringement suit against him. There is not any allegation in the complaint of any communications between Rosenblat and the Sandia Defendants. Rosenblat has not alleged that he is engaged in any activity that could be deemed infringement of the 519 Patent. Neither has Rosenblat alleged that he intends to pursue the necessary measures in order to engage in such activity. Therefore, we grant the Sandia Defendants' motion to dismiss for lack of subject matter jurisdiction.

Rozenblat, 2005 U.S. Dist. LEXIS 9583, at *4. We agree that Mr. Rozenblat has not alleged a controversy of sufficient "immediacy and reality" to warrant the issuance of a declaratory judgment. Mr. Rozenblat has not explained what present harm, if any, he faces in the absence of a judgment of invalidity. Precedent holds that a declaratory judgment of

invalidity is generally appropriate where the plaintiff is producing or intends to produce an allegedly infringing product and the patentee's conduct has created "an objectively reasonable apprehension on the part of the plaintiff that the patentee will initiate suit if the activity in question continues." EMC Corp., 89 F.3d at 811 (discussing two-part test for determining whether an actual controversy exists in suits requesting a declaration of patent invalidity). In due consideration of all the circumstances of this case, the district court was correct in holding that Mr. Rozenblat had not established jurisdiction under the Declaratory Judgment Act. See Minnesota Mining & Mfg. Co. v. Norton Co., 929 F.2d 670, 673 (Fed. Cir. 1991) ("In promulgating the Declaratory Judgment Act, Congress intended to prevent avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication.")

Mr. Rozenblat argues that his claim is not merely an assertion of invalidity, but that he also seeks a determination of entitlement to the invention, based on the priority of his earlier inventive work documented in Patent application 08/159,920 and in various publications. However, Mr. Rozenblat has not shown that his inventive work resulted in an issued patent, such that his claim could be interpreted as seeking to initiate an interference action in the district court under 35 U.S.C. §291 (the "owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part"). Nor does the record show that Mr. Rozenblat attempted to provoke an interference between his application and the '519 patent, or that he sought reexamination of the '519 patent. Recognizing Mr. Rozenblat's arguments that the '519 patent is "derived" from his "original

published intellectual work" and that the '519 patent is "anticipated," not "new," and therefore "unpatentable," his remedy lies in the PTO.

The district court also correctly held in the alternative that dismissal was appropriate for lack of personal jurisdiction, on the basis that Mr. Van Blarigan and Sandia were not shown to have "continuous and systematic" contacts with Illinois sufficient to establish general personal jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984); Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1200 (Fed. Cir. 2003) (general personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state"). Nor did Mr. Rozenblat establish that these defendants had connections related to this action sufficient to establish specific personal jurisdiction. Mr. Rozenblat did not show that their activities fell within the scope of the Illinois Long Arm Statute, 735 Ill. Comp. Stat. 5/2-209(c), nor that they had sufficient "minimum contacts" to support a finding of personal jurisdiction consistent with the Due Process Clause of the Fourteenth Amendment. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). Mr. Rozenblat argued before the district court that personal jurisdiction was established because these parties appeared in that court in another action previously filed by Mr. Rozenblat; however, the district court correctly observed that the prior appearance did not necessarily waive the personal jurisdiction requirement in future actions, nor constitute related business conduct within the jurisdiction.

Mr. Rozenblat further argues that the district court erred in dismissing his suit without the assistance of expert testimony, and cites in support of this argument Federal Rule of Civil Procedure 26(b)(4) (discussing the use of experts at trial), and Federal Rule

of Evidence 706 (the court may appoint an expert witness to assist it); however, Mr. Rozenblat has not explained how the district court abused its discretion in declining to consult an expert on the jurisdictional issues here presented. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) ("a court of appeals is to apply an abuse-of-discretion standard when it 'reviews a trial court's decision to admit or exclude expert testimony'") (quoting General Electric Co. v. Joiner, 522 U.S. 136, 138-39 (1997)). We discern no such abuse of discretion in this case.

### *The Patent and Trademark Office*

Mr. Rozenblat further asserts error in the district court's dismissal of his qui tam claim against the PTO. Mr. Rozenblat states that this suit is brought on behalf of the government, as well as himself, to correct the PTO's error in granting the '519 patent. The PTO responds that the district court was correct to dismiss this complaint on any of the three grounds identified in its opinion: for lack of a waiver of sovereign immunity; for lack of an actual controversy; and for a failure to exhaust the administrative remedy of filing for reexamination of the '519 patent.

We agree with the district court that Mr. Rozenblat has failed to establish a controversy of sufficient immediacy and reality to support a declaratory judgment action, and has not shown any other viable ground for bringing suit against the PTO. We also agree that such a suit would be barred for failure to pursue the available administrative remedy of patent reexamination. See McKart v. United States, 395 U.S. 185, 193 (1969) ("The doctrine [of exhaustion of administrative remedies] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative

remedy has been exhausted'") (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)). Congress has established an administrative procedure whereby the public can challenge a patent at the PTO by requesting reexamination. See 35 U.S.C. §§301-318. Ex parte patent reexamination is authorized by §302, which permits "any person at any time" to request the reexamination of a patent. See also 35 U.S.C. §311(a) (requests for inter partes reexamination may be made by "[a]ny third-party requester at any time"). Mr. Rozenblat has not stated that he has exhausted the remedy of requesting that the PTO reexamine the '519 patent; thus, the district court correctly dismissed his claim against the PTO on this basis. See generally Patlex Corp. v. Mossinghoff, 758 F.2d 594, 601 (Fed. Cir. 1985) (prior to the enactment of the reexamination statute, "administrative review could not be achieved other than at the initiative of the patentee").

We have fully examined Mr. Rozenblat's remaining arguments and find them to be without merit. Accordingly, we affirm.