MHW

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anatoly Rozenblat | ) | Case No.04-CV-3289 |
| Plaintiff | ) | Judge Der-Yeghiayan |
| v. | ) | |
| Sandia Corporation, | ) | FILED |
| Peter Van Blarigan and | ) | MAY 3 0 2008 TC |
| Patent and Trademark Office | ) | 5-30-2008 |

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR REOPENING& REINSTATE CASE WITH TRANSFER IT TO JURY TRIAL COURT UNDER 35 §281.140 AND §281.116

For the reasons that prior District Court's judgment of 05/02/2005 was substantially weakened by failure to consider of Plaintiff's original complaint and primary request for jury trial and also unwillingness to expertise under Rules 706 §6301 , §60:1103 to §60:1109 and consider the Plaintiff's references as prior art in judicial procedures in question of patentability of U.S Patent 6,199,199 , then I ask the United States District Court to reopen &reinstate this case 04-CV-3289 and transfer it to jury trial court under 35 §281.140 and §281.116 for further judicial actions in question of validity U.S Patent 6,199,519.

Enclosed Memorandum in support of Plaintiff's motion for reopening &reinstate case with transfer it to jury trial court under 35 §281.140 and §281.116.

Respectfully submitted,

Dated: May 30, 2008

Anatoly Rozenblat
150 West Maple Street #308
Chicago, Il 60610

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REOPENING &REINSTATE CASE WITH TRANSFER IT TO JURY TRIAL COURT UNDER 35 §281.140 AND §281.116**

For the reasons that primary District Court's judgment of 05/02/2005 is erroneous then Plaintiff could not agree with them for some objective reasons:

1. District Court did not take into consideration abandoned Plaintiff's patent application 08/159,920 of October 1,1993 as evidence of the prior device and other published for publicity intellectual works having early priority in compare the Defendant work. And this fact indicates that District court's judgment has contradiction with Federal Patent Law under 35 §102.14 (*United Chromium Inc. v. General Motors Corp.*, CCA 2,85F(2d)577,31 USPQ 105,rev'g 11 FSupp 694,27 USPQ 169);

2. And besides in 1993 by National Congress of Inventor Organizations(US NCIO) was published and generally distributed for publicity in USA and abroad the "*Catalog for Commercialization*" with description of Plaintiff innovation as prior art and for this reason Defendants in period of examination patentee application on June 25,1998 had full knowledge regarding of Plaintiff's innovation and other references that proves presence of fraud from Defendants at filling "Information disclosure statement(form 1449 PTO or PTO/SB/08B)" and examination process in question of issue U.S Patent 6,199,519 (*Jno. T.McCoy, Inc. v .Schuster .DC-NY,44 FSupp 499,53 USPQ 167*);

3. District Court in process of judicial procedures ignored the Plaintiff's motion to appoint a technical expert as evidence under Federal Civil Rules 706 §6301 and 26(b)(4) and did not consider in comparative form the claims both innovations under 35 §103.10.

Respectfully submitted

Date: May 30, 2008    Anatoly Rozenblat, as Plaintiff

## CERTIFICATE OF SERVICE

Anatoly Rozenblat ,as Plaintiff, hereby certifies that a copy of the foregoing **PLAINTIFF'S MOTION FOR REOPENING &REINSTATE CASE WITH TRANSFER IT TO JURY TRIAL COURT UNDER 35 §281.140 AND §281.116** was served via First class mail on May 30,2008:

To: Janice V.Mitrius  
    Banner &Witcoff,Ltd  
    10 South Wacker Drive  
    Suite 3000  
    Chicago ,Illinois 60606

Lashonda A.Hunt  
Assistant United  
States Attorney  
210 South Dearborn Street  
Chicago , Illinois 60604

Anatoly Rozenblat,  
Plaintiff

150 West Maple Street #308  
Chicago ,Illinois 60610  
(312)751-1268